IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE L. WEEMS,<br><br>        Petitioner,<br><br>  vs.<br><br>M. S. EVANS, Warden,<br><br>        Respondent. | No. C 07-6387 WHA (PR)<br><br>**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND ORDERING PETITIONER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST** |

    Petitioner, a California state inmate, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is directed to his conviction for violating a disciplinary rule. As a result of the conviction he lost thirty days of good-time credits, so arguably this claim may be brought in a habeas case. He also requests leave to proceed in forma pauperis.

    An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Petitioner has the burden of pleading exhaustion in his habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

///

Petitioner alleges that his state habeas petitions raising this claim were denied by the California Superior Court and the California Court of Appeal. He has not filled-in the portion of the form which asks if he appealed to the California Supreme Court or filed a petition there. He has checked the "yes" box to the question of whether he has had any other petitions or applications related to this conviction in any court, state or federal, and says that the court in which these other petitions are pending is the United States District Court for the Central District of California, not the California Supreme Court.[1] It thus appears that he has not exhausted.[2]

Leave to proceed in forma pauperis (document number 3 on the docket) is **GRANTED**. Within thirty days of the date this order is entered petitioner shall show cause why this petition should not be dismissed for failure to exhaust. If he does not, the case will be dismissed.

**IT IS SO ORDERED.**

Dated:   January 2, 2008        .

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.07\WEEMS6387.OSC-P.wpd

---

[1] The cases in the Cental District are directed to petitioner's conviction, not the disciplinary decision which is the subject of this petition, so it appears this petition is not second or successive.

[2] In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. *See Nino v. Galaza*, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the court of appeals. *See id.* If the court of appeals denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court. *See id.* at n.3.