RECEIVED

FEB 2 5 2008

RICHARD W. WIEKING
NORTHE

1  PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

2  Name  Weems        Eugene        L
              (Last)            (First)            (Initial)

3  Prisoner Number ___T-40463___

4  Institutional Address  P.O. BOX 1050, Soledad, CA 93960

5

6  ================================================

7  UNITED STATES DISTRICT COURT
   NORTHERN DISTRICT OF CALIFORNIA

8  MR. EUGENE L. WEEMS                      )
   (Enter the full name of plaintiff in this action.)    )
9                                           )        CV07 6387
                                            )        Case No. _____
10                  vs.                     )        (To be provided by the clerk of court)
                                            )
   M.S. EVANS, Warden                       )
11 _____             )        PETITION FOR A WRIT
                                            )        OF HABEAS CORPUS
12 _____             )
                                            )
13 _____             )
                                            )
14 (Enter the full name of respondent(s) or jailor in this action)  )

15                                          )

16 ================================================

   Read Comments Carefully Before Filling In

17 When and Where to File

18      You should file in the Northern District if you were convicted and sentenced in one of these

19 counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20 San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21 this district if you are challenging the manner in which your sentence is being executed, such as loss of

22 good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23      If you are challenging your conviction or sentence and you were not convicted and sentenced in

24 one of the above-named fifteen counties, your petition will likely be transferred to the United States

25 District Court for the district in which the state court that convicted and sentenced you is located. If

26 you are challenging the execution of your sentence and you are not in prison in one of these counties,

27 your petition will likely be transferred to the district court for the district that includes the institution

28 where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS        - 1 -

1    Who to Name as Respondent

2        You must name the person in whose actual custody you are. This usually means the Warden or

3    jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4    you are imprisoned or by whom you were convicted and sentenced. These are not proper

5    respondents.

6        If you are not presently in custody pursuant to the state judgment against which you seek relief

7    but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8    custody you are now and the Attorney General of the state in which the judgment you seek to attack

9    was entered.

10   A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11       1. What sentence are you challenging in this petition?

12           (a)    Name and location of court that imposed sentence (for example; Alameda

13                  County Superior Court, Oakland):

14           _____    _____

15                  Court                                    Location

16           (b)    Case number, if known _____

17           (c)    Date and terms of sentence _____

18           (d)    Are you now in custody serving this term? (Custody means being in jail, on

19                  parole or probation, etc.)              Yes _____   No _____

20                  Where?

21                  Name of Institution: _____

22                  Address: _____

23       2. For what crime were you given this sentence? (If your petition challenges a sentence for

24   more than one crime, list each crime separately using Penal Code numbers if known. If you are

25   challenging more than one sentence, you should file a different petition for each sentence.)

26   _____

27   _____

28   _____

1    3. Did you have any of the following?

2         Arraignment:                                    Yes _____    No _____

3         Preliminary Hearing:                            Yes _____    No _____

4         Motion to Suppress:                             Yes _____    No _____

5    4. How did you plead?

6         Guilty _____    Not Guilty _____    Nolo Contendere _____

7         Any other plea (specify) _____

8    5. If you went to trial, what kind of trial did you have?

9         Jury _____    Judge alone_____    Judge alone on a transcript _____

10   6. Did you testify at your trial?                    Yes _____    No _____

11   7. Did you have an attorney at the following proceedings:

12        (a)   Arraignment                               Yes _____    No _____

13        (b)   Preliminary hearing                       Yes _____    No _____

14        (c)   Time of plea                              Yes _____    No _____

15        (d)   Trial                                     Yes _____    No _____

16        (e)   Sentencing                                Yes _____    No _____

17        (f)   Appeal                                    Yes _____    No _____

18        (g)   Other post-conviction proceeding          Yes _____    No _____

19   8. Did you appeal your conviction?                   Yes _____    No _____

20        (a)   If you did, to what court(s) did you appeal?

21              Court of Appeal                           Yes _____    No _____

22              Year: _____    Result:_____

23              Supreme Court of California               Yes _____    No _____

24              Year: _____    Result:_____

25              Any other court                           Yes _____    No _____

26              Year: _____    Result:_____

27

28        (b)   If you appealed, were the grounds the same as those that you are raising in this

| | | | |
|---|---|---|---|
| 1 | | petition? | Yes _____   No_____ |

(c)  Was there an opinion?          Yes _____   No_____

(d)  Did you seek permission to file a late appeal under Rule 31(a)?

Yes _____   No_____

If you did, give the name of the court and the result:

_____

_____

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?          Yes _____   No_____

[Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. §§ 2244(b).]

(a)  If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I.  Name of Court: Superior court of California County of Monterey

Type of Proceeding: Habeas Corpus

Grounds raised (Be brief but specific):

a. Petitioner right to due process and first and four teenth Amendments have been violated by b. California Department

c._____

d._____

Result: Denied                    Date of Result: 09-19-07

II.  Name of Court: Court of Appeal fourth District Division Two

Type of Proceeding: Habeas Corpus

Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS          - 4 -

1        a. _____ SAME HERE IN _____

2        b. _____

3        c. _____

4        d. _____

5        Result: DENIED without prejudice Date of Result: Nov 1, 2007

6    III.  Name of Court: Court of Appeal Sixth Appellate

7      District  Type of Proceeding: Habeas Corpus

8        Grounds raised (Be brief but specific):

9        a. _____ Same Herein Habeas Corpus

10       b. _____

11       c. _____

12       d. _____

13      Result: Denied Date of Result: Nov 30, 2007

14    IV.  Name of Court: Supreme Court of California

15       Type of Proceeding: Habeas Corpus

16       Grounds raised (Be brief but specific):

17       a. _____ Same Herein Habeas Corpus

18       b. _____

19       c. _____

20       d. _____

21      Result: Denied Date of Result: Feb 13, 2008

22    (b)  Is any petition, appeal or other post-conviction proceeding now pending in any court?

23                          Yes ✓    No____

24      Name and location of court: United States District Court

25                   Central District of California

**B. GROUNDS FOR RELIEF**

26    State briefly every reason that you believe you are being confined unlawfully. Give facts to

27  support each claim. For example, what legal right or privilege were you denied? What happened?

28  Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

1    need more space.  Answer the same questions for each claim.

2    [Note:  You must present ALL your claims in your first federal habeas petition.  Subsequent

3    petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4    499 U.S. 467,  111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5    Claim One: PETITIONER RIGHT TO DUE PROCESS AND FIRST AND

6    FOURTEENTH AMENDENTS HAVE BEEN VIOlATED By (C. D. C. R.)
     CAlifornia Department and Rehabilitation

7    Supporting Facts:

8    Please see Attached pAgE(s)"

9

10

11    Claim Two:

12

13    Supporting Facts:

14

15

16

17    Claim Three:

18

19    Supporting Facts:

20

21

22

23    If any of these grounds was not previously presented to any other court, state briefly which

24    grounds were not presented and why:

25

26

27

28

1    List, by name and citation only, any cases that you think are close factually to yours so that they

2   are an example of the error you believe occurred in your case.  Do not discuss the holding or reasoning

3   of these cases: Bell v. Wolflish, 441 U.S 520, 547, 99 S.Ct 1861, 1878

4   (1979)   Elrod v. Burns, 427 U.S. 347 (1976) Turner 482 U.S.

5   At 96, 107 (1987)   Pell v. Procunier, 417 U.S. 817 (1974

6   Delaware River port Auth v. Transumerican Trailer Transp

7   Inc, 501 F.2d 917 (3d cir 1974)
    Do you have an attorney for this petition?                    Yes_____      No_✓_

8   If you do, give the name and address of your attorney:

9   _____

10    WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11  this proceeding.  I verify under penalty of perjury that the foregoing is true and correct.

12

13  Executed on ___02/21/08___                  _____

14           Date                                    Signature of Petitioner

15

16

17

18

19

20  (Rev. 6/02)

21

22

23

24

25

26

27

28

SALINAS VALLEY STATE PRISON

6. GROUNDS FOR RELIEF

Ground 1: State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

PETITIONER RIGHT TO DUE PROCESS AND FIRST AND FOURTEENTH AMENDMENTS HAVE BEEN VIOLATED BY (C.D.C.R.) CALIFORNIA DEPARTMENT AND REHABILITATION.

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where). (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

As a result of Petitioner, Weems refusing a Salinas Valley State prison correctional officer, M.P. Wright; the privilege of reading his book (PRISON SECRETS). And refusing to answer the officer questions concerning the relationship of the petitioner and his outside correspondence's who are high profile celebrities C/o Wright began to investigate whether Weems was violating the business or profession rule of the (C.D.C.R.) by sending out copies of his book flyers to his out side correspondences.

Prior to the denial of refusing C/o wright the privilege of reading petitioners book. The correctional officer, M.P. wright did not have no problem with petitioner mailing out his book flyers to any of his outside corresponde

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

( SEE Attached PAGES )

8

GROUNDS FOR RELIEF
Ground -1 continue
PAGE- 9

However, despite the fact that petitioner informed
C/o wright he had prior permission from a senior officer
Sergeant, B. Jansen, and requested that he confer with the
Sergeant.

By law, petitioner is entitle to express him self and
send information to his outside correspondence of his
choice.

FACTS: Petitioner Weems was approached by C/o M.P.
wright, who then introduced himself as the first
watch Building control officer who handles and process
All the Building-2 out going mail. The officer stated
to petitioner he has been reading all of his out going
mail. And he find petitioner to be one of the most
interesting persons he came across in the 26 years
he been working as a correctional officer.

C/o wright, goes on to attempt to create small talk
by asking petitioner why he use his writing talents
to do humanitarian work (please Note: The officer is speaking
About a letter he read concerning petitioner writing project
he was composing to pay Tributes to the American troops
and fallen Heroes that would raise money to send the
Active soldiers care packages and other needs). After
petitioner responded to his question. The officer begain
to inquire About his relationship with his outside
correspondence's who are celebraties. And goes on to
say he was interested in reading petitioners book
"PRISON SECRETS". He asked petitioner of he had a
copy of the book in his cell that he could read.

Petitioner stated that he did. The officer stated
he would get it from petitioner when he return
to work the next day, but doing the conversation
between petitioner and the officer. The petitioner
had changed his mind about allowing c/o wright
to read his copy of the book, And told the officer

GROUNDS FOR RELIEF
Ground-1 continue
Page-10

he had changed his mind on allowing him to borrow the book, but to buy his own copy of the book, to support the book. Which up-setted the officer greatly.

Several days later C/o Wright called petitioner out of his cell (room) into the unit office. Where himself and another correctional officer (C/o stepps) was present. C/o Wright asked petitioner about his book again petitioner denied him for the second time of reading it.

C/o Wright, became mad and aggressively stated that petitioner his trying to be like Stanley "Tookie" Williams ect. Petitioner then asked C/o Wright was he jealous of him, and that question up setted the officer.

C/o Wright, then at that very moment aggressively stated he had confiscated fourty five (45) of petitioner's out going letters of the last pass three days because in the letters they identified the petitioner as a Author, and inclued a copy of a book flyer that featured his book.

Petitioner informed the officer that he was violating his first and fourteenth amendment rights to correspond and express himself. He also brought to his attention that he also had prior permission from a senior officer, Sergeant Jansen, to be allow to send out his book flyers to his desire outside correspondence.

C/o Wright stated aggressively " He don't give a damn what Sgt. Jansen say. He's not his boss. His word don't mean shit! you dig!. I been doin' this here for 26 years, my folks is at the top, the warden."

10

GROUNDS FOR RELIEF
Ground - 1  continue
Page- #1

He (c/o wright) goes on to state to petitioner "Any mail you attempt to send out for process that mention your book, pen-pal ad, talents, writings, ect...ect... will not go out and I will be issuing a rule violation".

However, Petitioner was issued the first rule violation by c/o wright on April 10, 2007 for Business Dealing by inmates for sending book flyers to his outside correspondent. PLEASE NOTE:  The book flyer doesn't request money to be sent to the petitioner or the prison for petitioner. The book flyer only feature the petitioner name as the author of the book and gives a synopsis of what the book is about, and the publishing company website and address where the book can be purchased if desired. This flyer is no different from other book flyer or subscription cards that comes in magazines such as NATIONAL GEOGRAPHIE, SCIENTIFIC AMERICAN, PRISON LEGAL NEWS, ect... That would not be consider as business or profession rule violation. Of petitioner choose to mail out several of their subscription cards.    Also if petitioner book had been featured in either of those publication, or news papers, magazine or website ect, And he chosen to write his outside correspondence to inform them to buy a copy of that certain publication that feature his book. would that be a CDC rule violation? Of course not, because petitioner is not engaging into any business dealing. Its the same situation concerning his book flyers that features his name as the author of the book he was mailing to his outside correspondence.

C/o wright, has denied and impeded upon petitioner right to corresponed and express himself, thus infringing his first Amendment right. Petitioner (weems) has not been able to disseminate his ideas through the written letters or work to any and all out lets with out being issued a rule violation and mailings being with held by the salinas valley state prison official.    A 602 was filed on this issue, and Petitioner withdrawn his complaint when hearing officer promised that he would correct his officer misconduct.

GROUNDS FOR RELIEF
Ground-1  continue
PAGE 12

Weem's writing and mailing out his book flyers to his outside correspondence only affected prison Administration only when A correctional officer who inquired about reading weem's book, and his relationship with high profile celebrities. This Correctional officer was in control of the out going mail screening system. when weem's refused to volunteer information about his outside correspondence And deny the officer the pleasure to read his book ( PRISON SECRETS ).    The officer sought and imposed its mail watch, And rule violations, in form of of reprisal towards weems. The Actions of the officer were motivated by personal emotions And not by concerns about escape, plans, plans About ongoing criminal activity, or threats, And Security. weem's Activity of mailing his book flyer out to his outside correspondence has not heightened tensions at the prison, And that his writings do not advocate violence, have Any impact on the prison population, threaten corrections officers, or burden prison security resources

SEE. EG. Bell v. Wolf lish, 441 U.S. 520, 547, 99 S. ct. 1861, 1878, 60 L. Ed. 2d 447 (1979)

The loss of First Amendmen freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury" Elrod v. Burns, 427 U.S. 347, 373, 96 S. ct. 2873

SUPPORTING CASES, RULES OR OTHER AUTHORITY

Page of 13

Weems seek a Injunction against Department of Correction business or profession rule violations because he will be subjected to irreparable harm and continuous reprisals if the Injunction is not granted.

Prison regulations like the business or profession rule which restrict an inmates first Amendment rights must operate in a neutral fashion, with out regard to the content of the expression. <u>Turner</u> 482 U.S. at 90, 107, S.ct. at 2262

Once prison security is Accomplished, "a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system <u>Pell v. Procunier</u>, 417 U.S. 817, 822, 94 S. ct. 2800, 2804, 41 L.Ed. 2d 495 (1974)

Federal Rule of civil Procedure 65 permits a court to grant a preliminary Injunction if the moving party demonstrates a likelihood of success in the litigation, And that he will suffer great or irreparable injury absent an Injunction. Fed. R. Civ. P. 65, <u>Delaware River Port Auth. v. Transamerican Trailer Transp. Inc.</u>, 501 F. 2d 917, 919-20 (3d Cir. 1974)

Weems Also filed a inmate 602 Appeal concerning this misconduct of c/o wright. please see Exibit - <u>"B"</u> Weems withdrew the 602 Appeal Against c/o wright After Weems was

SUPPORTING CASES, RULES, OR OTHER AUTHORITY

PAGE # 4

Prison walls do not form a barrier separating prison inmates from the protections of the United States Constitution. Where prison rules or regulations impede the exercise of a prisoner's constitutional rights, federal courts must discharge their duty to protect those rights.

A prison regulation that limits a prisoner's exercise of his or her constitutional rights will be upheld only where there is reasonably relates to a legitimate penological interest. This determination entails consideration of four factors: (1) whether there is a rational relationship between the regulation and the proffered legitimate government interest; (2) whether inmates have alternative means of exercising their asserted rights; (3) how accommodation of the claimed constitutional right will affect guards, a prisoner's fellow inmates, and the allocation of prison resources; and (4) whether the policy is an exaggerated response to the jail's concerns.

A prison inmate retains First Amendment rights not inconsistent with his status as a prisoner or with legitimate penological objectives of the corrections system. Regulations affecting prisoners access to outside correspondence, publisher, media, magazines, court's, attorney ect are valid only if they are reasonably related to legitimate penological interests.

The court's consideration of whether there is a rational relationship between a penological policy and a prison's proffered legitimate government interests requires that the court weigh whether

SUPPORTING CASES, RULES, OR OTHER AUTHORITY
PAGE-15

the policy's objective is (1) legitimate and (2) Neutral; and (3) whether the policy is rationally related to that objective.

The court developed a four-pronged test (the Turner test) Turner v. Safley (1987) 482 U.S. 78, 89, 107 S. ct. 2254, 96 L. Ed. 2d 64.) to determine whether a prison regulation or policy is reasonably related to legitimate penological interests: "(1) whether there is a valid, rational connection between the policy and the legitimate government interest put forward to justify it: (2) whether there are alternative means of exercising the right; (3) whether the impact of accommodating the asserted constitutional right will have a significant negative impact on prison guards, other inmates and the allocation of prison resources generally, and (4) whether the policy is an 'exaggerated respose/ to the prison's concerns

( Mauro, supra, 188 F.3d at pp. 1058-1059 [citing Turner, supra, 482 U.S. at pp. 89-90, 107 S.ct. 2254].)

" CONCLUSION "

Petitioner Respectfully request the court to order the Department of correction to rescind disciplinary action for violating the business or profession rule and to order that the discipline be removed from his C-file.

To grant permanent injunction against the harassmer of c/o wright, and the department of correction enforcemer of its business or profession rule.

To grant preliminary relief to allow petitioner mail to be processed for outgoing mail to his outside correspondence

**FILED**

1      SUPERIOR COURT OF CALIFORNIA          SEP 1 9 2007

2           COUNTY OF MONTEREY          LISA M. GALDOS
                                        CLERK OF THE SUPERIOR COURT
3                                       S. GARSIDE    DEPUTY

4   In re                          ) Case No.: HC 5839
                                   )
5         Eugene Weems             ) ORDER
                                   )
6              On Habeas Corpus.   )
                                   )
7   _____    )

8

9          On July 27, 2007, Petitioner Eugene Weems filed a petition for writ of habeas corpus.

10  On August 7, 2007, Petitioner filed a supplement to the petition.

11         Petitioner is currently incarcerated at Salinas Valley State Prison (SVSP).

12         On April 9, 2007, Correctional Officer Wright issued a Rules Violation Report (RVR)

13  against Petitioner, for business dealings by inmate. (RVR B07-04-0004.) On May 10, 2007,

14  Petitioner was found guilty of business dealings by inmate. Petitioner was assessed 30 days

15  forfeiture of credits.

16         On or about April 15, 2007, Petitioner submitted an appeal, claiming that Correctional

17  Officer Wright was improperly interfering with his right to correspond by mail. (SVSP-B-07-

18  02179.)

19         On or about May 31, 2007, Petitioner submitted an appeal, challenging the guilty finding

20  of business dealings by inmate. (SVSP-B-07-00949.) On June 1, 2007 and June 12, 2007,

21  Petitioner's appeal was screened out.

22         In the instant petition, Petitioner challenges the guilty finding of business dealings by

23  inmate. Petitioner appears to claim that SVSP officials are improperly interfering with his right

24  to sell his book in violation of Penal Code section 2601(a). He also appears to claim that

25  Correctional Officer Wright is improperly interfering with his right to correspond by mail.

1    Petitioner's claims fail because he has failed to exhaust administrative remedies. See *In*

2   *re Muszalski* (1975) 52 Cal.App.3d 500, 508. Petitioner has failed to show that his appeals were

3   reviewed *through the Director's level*. Petitioner fails to state whether he has received a

4   response to his appeal, SVSP-B-07-02179. *People v.* Duvall (1995) 9 Cal.4th 464, 474. To the

5   extent that Petitioner claims that he has not received an appeal response, he fails to state whether

6   he inquired with the Appeals Office as to the status of his appeal, SVSP-B-07-02179. *Id.* To the

7   extent that Petitioner claims that his appeal dated May 31, 2007 (SVSP-B-07-00949) was

8   improperly screened out, his claim fails because he failed to comply with the Appeals

9   Coordinator's instructions. The screen out dated June 1, 2007 and June 12, 2007 states in

10   pertinent part, "If you believe this screen out is in error, please return this form to the Appeals

11   Coordinator with an explanation of why you believe it to be in error, and supporting documents.

12   You have only 15 days to comply with the above directives." (See CDC695 dated June 1, 2007

13   and June 12, 2007). Petitioner fails to state whether he submitted an explanation to the Appeals

14   Coordinator after his appeal was screened out on June 1, 2007 and June 12, 2007. *Duvall, supra,*

15   9 Cal.4th at p. 474.

16    Petitioner's reliance on *In re Van Geldern* (1971) 5 Cal.3d 832 is misplaced. *In re Van*

17   *Geldern* relied on California Penal Code section 2603, which granted inmates the right to convey

18   property; however, this provision was repealed in 1975 and replaced by California Penal Code

19   section 2601. See Cal. Pen. Code, § 2603 (repealed 1975). California Penal Code section 2601,

20   unlike California Penal Code section 2603, contains a provision allowing corrections officials to

21   prohibit inmate sales made for a business purpose. Pen. Code, § 2601.

22    The petition is denied.

23

24

25

2

1      IT IS SO ORDERED.

2    Dated:   09-19-07

3

4                                    _____
                                     Hon. Stephen A. Sillman
5                                    Judge of the Superior Court

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## CERTIFICATE OF MAILING

### C.C.P. SEC. 1013a

I do hereby certify that I am not a party to the within stated cause and that on

**SEP 2 1 2007** _____ I deposited true and correct copies of the following document:

ORDER in sealed envelopes with postage thereon fully prepaid, in the mail at Salinas,

California, directed to each of the following named persons at their respective addresses

as hereinafter set forth:

Eugene Weems, T-40463
SVSP
PO Box 1050
Soledad, CA 93960

**SEP 2 1 2007**

Dated:_____

LISA M. GALDOS,
Clerk of the Court

By: _____
Deputy    S. GARSIDE

COURT OF APPEAL -- STATE OF CALIFORNIA
FOURTH DISTRICT
DIVISION TWO

## **ORDER**



NOV  J 2007

COURT OF APPEAL FOURTH DISTRICT

In re EUGENE WEEMS
on Habeas Corpus.

E044341

(Super.Ct.No. FBA06134)

The County of San Bernardino

THE COURT

The petition for writ of habeas corpus is DENIED without prejudice to filing with the Sixth District.

**McKINSTER**

Acting P.J.

cc:    See attached list





IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

Court of Appeal - Sixth App. Dist.

**F I L E D**

NOV 3 0 2007

MICHAEL J. YERLY, Clerk

In re EUGENE WEEMS,

on Habeas Corpus.

H032256
By _____
(Monterey County    DEPUTY
Super. Ct. No. HC5839)

BY THE COURT:

The petition for writ of habeas corpus is denied.

(Bamattre-Manoukian, Acting P.J., Mihara, J., and McAdams, J.,

participated in this decision.)

**NOV 3 0 2007**

Dated _____     **BAMATTRE-MANOUKIAN, J.**    Acting P.J.

S159832

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re EUGENE WEEMS on Habeas Corpus

The petition for writ of habeas corpus is denied. (See *In re Dexter* (1979) 25 Cal.3d 921; *In re Clark* (1993) 5 Cal.4th 750.)

**SUPREME COURT**
**FILED**

FEB **1 3** 2008

Frederick K. Ohlrich Clerk

_____
Deputy

GEORGE
_____
Chief Justice

# EXHIBIT
# COVER PAGE



**EXHIBIT**

**DESCRIPTION OF THIS EXHIBIT:**

State of California CDC Form 695, screening at the second level
Inmate 602 appeal form
Rules violation Report (Log No # B07-04-0004)

**NUMBER OF PAGES TO THIS EXHIBIT:** _____9_____ **PAGES**

**JURISDICTION: (CHECK ONLY ONE)**

☐ **MUNICIPAL COURT**

☐ **SUPERIOR COURT**

☐ **APPELLATE COURT**

☐ **STATE SUPREME COURT**

☐ **UNITED STATES DISTRICT COURT**

☐ **STATE CIRCUIT COURT**

☐ **UNITED STATES SUPREME COURT**

☐ **GRAND JURY**

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:    JAN 3 1 2008

In re:    Eugene Weems, T40463
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

IAB Case No.: 0703001         Local Log No.: SVSP-07-04133

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Floto. All submitted documentation and supporting arguments of the parties have been considered.

**I APPELLANT'S ARGUMENT:** The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log #B07-04-0004, dated April 3, 2007, for Business Dealings by Inmates. The appellant contends that the information relied upon is erroneous. He claims that due process was violated in the adjudication of the RVR in that he was denied witnesses. It is the appellant's position that he is not guilty of the RVR. He requests dismissal of the RVR.

**II SECOND LEVEL'S DECISION:** The reviewer found that the appellant was afforded due process, including a fair and unbiased hearing by an impartial Senior Hearing Officer (SHO). On April 3, 2007, the reporting employee discovered that the appellant was attempting to conduct unauthorized business dealings from within the institution. He had sent out several letters requesting money for a book that he claimed to have written. The appellant did not meet the criteria for the assignment of an Investigative Employee to assist in the gathering of evidence. The appellant did not meet the criteria for the assignment of a Staff Assistant as there was no need for a confidential relationship; the issues are not complex; and the appellant is not illiterate and understands English. The appellant waived that witnesses be present at the hearing.

**III DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A. FINDINGS:** The appellant was afforded all due process rights in the adjudication of the RVR and all procedural guidelines were met. A preponderance of evidence was established by an impartial SHO to sustain the guilty finding. Reports reflect that the appellant has presented no new or compelling evidence in the appeal, which would warrant a modification of the decision reached by the institution.

**B. BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3005, 3024, 3315, 3318, 3320, 3323

**C. ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, SVSP
Appeals Coordinator, SVSP

Appeal of Disciplinary Action                    CDW/Medium 2nd

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**    Location:  Institution/Parole Region B    Log No.        Category
**APPEAL FORM**                                                                    1
CDC 602 (12/87)              1. SVSP  B          O7-04133
                            2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.    Div F              B07-04-0004

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| EUGENE WEEMS | T-40463 | | B2-205 |

A. Describe Problem: I was denied my due process of rights to call witnesses that was crucial to the disciplinary accusations. It is reasonably probable that a more favorable determination would have resulted had I been provided the opportunity to call witnesses. Which I would have requested the reporting correctional officer, M.P. Wright, to be present at the hearing. I would have also requested Sergeant B. AANSEN to be call as a witness due to the fact he was the Sergeant who
If you need more space, attach one additional sheet.      ( SEE Attached sheet Continue )

RECEIVED JUN 01 2007

B. Action Requested: To dismiss the Rules Violation Report, and to mail out my fourty five letters that is being held. Plus remove the Rules Violation from my C-File.

Inmate/Parolee Signature: _____    RET'D JUL 23 2007  Submitted: MAY 31, 2007

C. INFORMAL LEVEL (Date Received: _____)
                                                            DELIVERED JUN 04 2007
Staff Response: _____
BYPASS
                                                            REC'D JUN 12 2007

                                                            REC'D SEP 18 2007

Staff Signature: _____                    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.    RET'D NOV 05 2007

BYPASS

Signature: _____                          Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed          CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

4. Continue of Appeal -
Disciplinary Action
Eugene Weems, T-40463, B2-205

given me permission to send out my book flyers to my outside correspondence. Despite the fact that Weems informed % Wright he had prior permission from the senior officer Sgt. B. Jansen.    T. Krenke, correctional Lieutenant who was the hearing officer was also informed by me that I was given prior permission from Sgt. Jansen to mail out my book flyers and he could confirm it with the sergeant.  Upon reviewing the rules violation report (Inmate Plea and statement) it stated; I made no statement which is not correct.

Also I was never engaging actively in a business or profession. Engage, means to employ, hire, to enter into conflict with. To participate or induce to participate.
"Profession" means; An occupation, requiring advanced study and specialized training.

I was mailing out book flyers to my outside correspondence which the book flyer's doesn't request money to be sent to me or does it features my prison address or information. The book flyer features the book publisher's web site and address where the book can be purchased if so desired. Not from me but the publishing company. (Please see attached Book flyer).

Furthermore this is no different then if I was to mail out subscription cards that comes in magazines such as National Geographic, Scientific American, Prison Legal News, ect.  That would not be consider as business or profession rule violation If I chosen to mail out several of their subscription cards to my outside correspondence.  Also if my book was advertised in a certain publication, news paper, magazine, website ect., and I chosen to write my outside correspondence and request for them to buy a copy of that publication that featured my book. Would that be a CDC rule violation of business dealings? Of Course NOT! because I'm not breaking any rule violation's, I'm not engaging into any business dealings, It's the same situation concerning my book flyers that I attempted to mail out to my outside correspondence. Because the book is authored by me and I choose to mail them to my correspondence, thats not a rule violation.

I also was not informed to what disposition was being taking with the fourty plus letters that was conficated. They have not been returned to me or mailed out to my outside correspondence.

I am requesting that this Rules violation be dismissed and removed from my c-file for the following reason. (i) I was denied my due process of right by not being allowed to call witnesses, And That my express statement wasn't noted. (2) I was giving permission by the facility correctional sergeant to mail out my book flyers to my out side correspondence. So I shouldn't be punished for a rule violation that I was giving permission to do by CDCR senior officer (SERGEANT, B. JANSEN).



Directors Level Review
Grounds For Relief          Page 2
Ground -1   602 Appeal

his book (PRISON SECRETS) that weems is the Author of,
And refusing to Answer the officer
questions concerning the relation ship
of his outside correspondences who Are high
profile celebrities.  c/o wright began to
investigate whether weems was violating
the business or profession rule by sending
out his book flyers to his out side correspondences
despite the fact that weems informed c/o wright
he had prior permission from the senior officer
Sergeant, B. jansen. Although with or without
permission. weems is entitle to express
him self And information to his outside
correspondence. Also prisoner's has
right both to own his manuscripts, And
Express him self or her self As please
And these first Amendment rights
should not be in fringed upon by correctional
officials.

GROUNDS FOR RELIEF

Ground - 1   continue, 6oz appeal

Salinas Valley State Prison Correctional officer, M.P. Wright, approached me and introduced himself as the first watch control officer who handles and process all the Unit B-2 out going mail. Wright continue to state that he has been reading all of my out going mail. He find me to be one of the most interesting person's he came across in the 26 years he been working as a Correctional officer. He attempted to create small talk by asking me why I use my writing talent to do humanitarian work, after he read my letter's concerning a writing project I was composing to pay tribute's to the American Soldiers and to send them care package's. After I given him a response to his question. He begain to inquire about my relationship with my outside correspondence who are high profile celebraties. He goe's on to say he was interested in reading my book "PRISON SECRETS" that I am the Author Of, and asked if I had a copy of the book that he could read. I stated that I did, and he said he would get it from me when he return to work the next day, but doing this conversation I had changed my mind about allowing c/o wright to read my book, but told him to buy his own and support the book, which up-setted him greatly.

A few day's later c/o wright called me out of my cell into the unit office, where Him and I and another Correctional officer c/o stepps was present. Wright asked me about my book

(8)

Directors level Review

GROUNDS FOR RELIEF                    PAGE-4

Ground-1  continue-602 appeal

Again, and denied him for the second time to
read my copy. C/o wright then begain to make
statements that I was trying to be like Tookie
willims ect I asked  C/o wright was he jeaious
of me and the question upsetted him.  He then
told me that he had confiscated fourth five
of my out going letters in the last pass
three day's, because in my letters I identified
myself as a Author, and enclosed a copy
of a book flyer that featured my book.

I told C/o write that he was violating my
first and fourteenth amendment rights to
correspond and express my self, and I had
permission from his senior officer, sergeant,
Jansen, to send out my book flyers to my
desire outside correspondence.

C/o wright, stated aggressively "I don't
give a damn what sgt. Jansen, say. He's
not my boss. His word don't mean shit!,
you dig! I been doin' this here for 26 years,
my folks is at the top, the warden"

He goes on to state any mail you send out for
process that mention your book, pen-pal ad, talents,
writing's, ect, ect. will not go out, and I will
be issuing a rule violation.

However, I was issued the first rule violation
by C/o wright on April 10, 2007 for Business
dealing by inmates for sending book flyers to
my outside correspondences (Please see Exibit "A")

(14)

Directors Level review
GROUNDS FOR RELIEF                    PAGE 5
Ground-1  Continue - 602 Appeal

PLEASE NOTE: The book flyer doesn't request
money to be sent to me or my prison address.
The book flyer only feature the book and gives
a synopsis of what the book is about, and
the publishing company web site, and address
where the book can be purchased if desired.
NOT purchase from me but the publishing company.

This is no different then if I was mailing out
subscription cards that comes in magazines such
as NATIONAL GEOGRAPHIE, SCIENTIFIC AMERICAN,
PRISON LEGAL NEWS, ect.  That would not be consider
as business or profession rule violation, if I choose to
mail out several of their subscription cards.
Also if my book was advertised in a certain
Publication, news paper, magazine, website ect.
And I chosen to write my outside correspondences
And request for them to buy a copy of that publication
that featured my book. would that be a CDC rule
Violation? Of course not, because I'm not breaking
Any rule violation, I'm not engaging into any business
dealing. It's the same situation concerning my book
flyers that I attempted to mail out to my outside
Correspondence.

c/o wright, has denied and impeded upon MR. WEEMS
right to correspond and express him self, thus
infringing his first Amendment right. WEEMS has
not been able to disseminate his ideas through
the written letters or work to any and all outlets
with out being issued a rule violation and mail being
with held by the salinas valley state prison officials.

Directors level Review
GROUNDS FOR RELIEF                                    PAGE-6
Ground-1  CONTINUE - 602 APPEAL

Weem's writing and mailing out his book flyers to
his outside correspondence only affected prison
Administration only when a correctional officer who
inquired about reading weem's book, and his
relationship with high profile celebrities. This
Correctional officer was in control of the out going
mail screening system.   When weem's refused
to volunteer information about his outside correspondence
and deny the officer the pleasure to read his book
( PRISON SECRETS ).        The officer sought and
imposed its mail watch, and rule violations, informed
of reprisal towards weems. The actions of the
officer were motivated by personal emotions
and not by concerns about escape, plans, plans
about ongoing criminal activity, or threats, and
security.  weem's activity of mailing his book
flyer out to his outside correspondence has not
heightened tensions at the prison, and that
his writings do not advocate violence, have
any impact on the prison population, threaten
corrections officers, or burden prison security resoures

SEE. EG. Bell v. Wolflish, 441 U.S. 520, 547, 99
S. ct. 1861, 1878, 60 L. Ed. 2d 447 (1979)

The loss of First Amendmen freedoms, for
even minimal periods of time, unquestionably
constitutes irreparable injury" elrod v.
Burns, 427 U.S. 347, 373, 96 S. ct. 2873
2689, 49 L. Ed. 2d 547 (1976).

Directors Level Review

## SUPPORTING CASES, RULES OR OTHER AUTHORITY

Weem's seek a Injunction against Department of correction business or profession rule violations because he will be subjected to irreparable harm and continuous reprisals if the injunction is not granted.

Prison regulations like the business or profession rule which restrict an inmate's first amendment rights must operate in a neutral fashion, without regard to the content of the expression. Turner 482 U.S. at 90, 107, S. ct. at 2262

Once prison security is accomplished, "a prison inmate retains those First amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system Pell v. Procunier, 417 U.S. 817, 822, 94 S. ct. 2800, 2804, 41 L. Ed. 2d 495 (1974)

Federal Rule of civil Procedure 65 permits a court to grant a preliminary injunction if the moving party demonstrates a likelihood of success in the litigation, and that he will suffer great or irreparable injury absent an injunction. Fed. R. Civ. P. 65, Delaware River Port Auth. V. Transamerican Trailer Transp. Inc., 501 F. 2d 917, 919-20 (3d Cir. 1974)

Weems also filed a inmate 602 appeal concerning this misconduct of c/o wright. please see Exibit -"B" Weems withdrew the 602 appeal agaist c/o wright after Weems was assured that c/o Wright misconducts would be corrected June 12, 2007.

Directors Level Review                    PAGE 8
## SUPPORTING CASES, RULES, OR OTHER AUTHORITY

Prison walls do not form a barrier separating prison inmates from the protections of the United States Constitution. Where prison rules or regulations impede the exercise of a prisoner's constitutional rights, federal courts must discharge their duty to protect those rights.

A prison regulation that limits a prisoner's exercise of his or her constitutional rights will be upheld only where there is reasonably relates to a legitimate penological interest. This determination entails consideration of four factors: (1) whether there is a rational relationship between the regulation and the proffered legitimate government interest; (2) whether inmates have alternative means of exercising their asserted rights; (3) how accommodation of the claimed constitutional right will affect guards, a prisoner's fellow inmates, and the allocation of prison resources; and (4) whether the policy is an exaggerated response to the jail's concerns.

A prison inmate retains First Amendment rights not inconsistent with his status as a prisoner or with legitimate penological objectives of the corrections system. Regulations affecting prisoners access to outside correspondence, publisher, media, magazines, court's, attorney ect are valid only if they are reasonably related to legitimate penological interests.

The courts consideration of whether there is a rational relationship between a penological policy and a prisons proffered legitimate government interests requires that the court weigh whether

(8)

page-9
Directors Level Review
SUPPORTING CASES, RULES, OR OTHER AUTHORITY

The policy's objective is (1) legitimate and (2) Neutral; and (3) whether the policy is rationally related to that objective.

The court developed a four-pronged test (the Turner test) Turner v. Safley (1987) 482 U.S. 78, 89, 107 S.ct. 2254, 96 L.Ed.2d 64.) to determine whether a prison regulation or policy is reasonably related to legitimate penological interests: "(1) whether there is a valid, rational connection between the policy and the legitimate government interest put forward to justify it: (2) whether there are alternative means of exercising the right; (3) whether the impact of Accommodating the asserted constitutional right will have a significant negative impact on prison guards, other inmates and the allocation of prison resources generally, and (4) whether the policy is an 'exaggerated response' to the prison's concerns

( Mauro, supra, 188 F.3d at pp. 1058-1059 [citing Turner, supra, 482 U.S. at pp. 89-90, 107 S.ct. 2254].)

State of California                                        Department of Corrections and Rehabilitation

# **Memorandum**

Date:    October 29, 2007

To:      Inmate WEEMS, T-40463
         Salinas Valley State Prison

Subject: SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-B-07-04133

### **ISSUE**:

The appellant is submitting this appeal relative to a CDC Form 115, Rules
Violation Report (RVR), Log #B07-04-0004, dated April 4, 2007 for "Business
Dealings by Inmates".

The appellant states that he was denied the opportunity to call witnesses and he
did not engage in business dealings.

The appellant requests that the RVR be dismissed.

### **REGULATIONS**:

CCR 3315 Serious Rule Violations
CCR 3318 Assistance to Inmates for Serious Rule Violations
CCR 3320 Hearing Procedures and Time Limitations
CCR 3323 Disciplinary Credit Forfeiture Schedule
CCR 3024 Business Dealings by Inmates

### **SUMMARY OF INVESTIGATION**:

The First Level of Review was bypassed per CCR 3084.5(b). Eloy Medina,
Appeals Coordinator, was assigned to investigate this appeal at the Second
Level of Review. The appellant was interviewed by Eloy Medina on October 25,
2007.

In accordance with the CCR §3084.5 (h) Disciplinary Appeals; the RVR and
supporting documentation is reviewed for procedural or due process
requirements. All submitted documentation and supporting arguments have been
considered. Additionally, a thorough examination has been conducted regarding
the claim presented by the appellant and evaluated in accordance with Salinas
Valley State Prison Operational Procedures (OP); the CCR; and the
Departmental Operations Manual (DOM).

A review of the RVR indicates that appellant was charged with CCR 3024, for the
specific act of "Business Dealings by Inmates". The charge was classified as a
Division "F" offense.

RET'D NOV 0 5 2007

The discovery date of the RVR was 4/3/07. The appellant received his copy of the RVR on 4/10/07, which was within fifteen (15) days of the discovery. The appellant was provided with his copy of the entire RVR. The hearing was conducted on 5/10/07 within thirty (30) days of issuance of the RVR. The RVR was not referred to the Monterey County District Attorney's (DA) office for possible prosecution.

The RVR reflects that the appellant pled "Not guilty" to the charges.

A Staff Assistant was not assigned per CCR Title 15 §3315(d)(2) as the appellant has a TABE reading score above 4.0.

The appellant was not a participant in the Mental Health Services Delivery System (MHSDS). The circumstances of the RVR did not indicate that the appellant displayed any bizarre behavior that would raise concerns about his mental health. Therefore, a mental health assessment was not warranted.

The appellant did not meet the criteria for assignment of an Investigative Employee (IE).

The SHO determined a guilty finding, and assessed thirty (30) days credit loss commensurate with a Division "F" offense.

The appellant states that he was denied the opportunity to call witnesses.

A review of the RVR indicates the appellant made no requests for witnesses prior to or during the hearing. The Second Level Reviewer interviewed the SHO, Correctional Lieutenant T. Krenke, regarding this issue. Lt. Krenke stated that if the appellant had made a request for witnesses or evidence, that request would have been documented and an assessment made.

The appellant states he did not engage in business dealings. He claims that any money made would have gone to the publisher, not to him.

The appellant is advised that the purpose of the appeals process is to identify due process/procedural errors. The SHO was able to document a preponderance of evidence to support a finding of guilt.

During interview, the appellant stated he was given permission by Correctional Sergeant Jansen to mail the letters. The appellant stated Correctional Officer Makela was present when the sergeant gave the appellant the permission.

On October 26, 2007 the Second Level Reviewer interviewed Correctional Officer Makela. Makela remembered that there were two RVRs regarding the appellant conducting business dealings on two separate occasions. Officer Makela did not remember the sergeant giving the appellant permission to send out the letters.

**Inmate WEEMS, T-40463**
**Appeal Log Number-SVSP-B-07-04133**
**Page 3 of 3**

On October 29, 2007 the Second Level Reviewer interviewed Correctional Sergeant Jansen. Sgt. Jansen stated he did not give permission for the appellant to mail out the letters.

It is noted that the appellant did submit a staff complaint appeal regarding the Reporting Employee confiscating the mail referred to in this appeal. The staff complaint received an appeal log number of SVSP-B-07-01816 and was reviewed by the Hiring Authority. The staff complaint appeal does not affect the findings of the RVR.

Therefore, this review indicates that all due process was met.

**DECISION**: The appeal is DENIED.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

G.A. NEOTTI
Chief Deputy Warden
Salinas Valley State Prison

. 804 Sent To Records On 4-9-07 . By GW

| STATE OF CALIFORNIA | | | | | | DEPARTMENT OF CORRECTIONS | |
|---|---|---|---|---|---|---|---|

## RULES VIOLATION REPORT

B2-205

| CDC NUMBER | INMATE'S NAME | | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|---|
| T-40463 | WEEMS | | | EPRD 12/30/2012 | SVSP | B2-111 | B07-04-000 |
| VIOLATED RULE NO(S). | | SPECIFIC ACTS | | | LOCATION | DATE | TIME |
| CCR §3024 | | BUSINESS DEALINGS BY INMATES | | | B2-Control | 04/03/07 | 2230 Hrs. |

CIRCUMSTANCES

On 04/03/07, at approximately 2230 hours, while I was assigned as B2 First Watch Control Officer, I received approximately (fourty five) letters over a three day period from Inmate WEEMS, T-40463, B2-111, for processing out of the institution. After inspection of these correspondences, it appears to me that Inmate WEEMS may be in violation of CCR section 3024 Business Dealing By Inmates, which states in part, "Inmates shall not engage actively in a business or profession except as authorized by the institution head." A business is defined as any revenue generating or profit making activity. All of the above mentioned correspondence were addressed to individuals, universities, colleges, law schools, media outlets, news papers, publishers, etc. Inside of all, or most of these letters, was a personal handwritten letter from Inmate WEEMS identifying himself as the author of a book called "Prison Secrets", also included is a printed advertisement and means of payment ($18.00) by check or money order. The solicitation also offered an on-line computer website for sales and purchase of the book. Several letters solicit considerations for the book to be made a mandatory read for curriculum in colleges or university law schools. It also should be noted that Inmate

(Continued on Part C)

Inmate WEEMS **is not** a participant in the Mental Health Services Delivery System.

| REPORTING EMPLOYEE (Typed Name and Signature) | | | DATE | | ASSIGNMENT | RDO'S |
|---|---|---|---|---|---|---|
| ▶ M.P. Wright, Correctional Officer | | | 4-9-07 | | B2-Control Ofcr. | S/D. |

| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | ☑ INMATE SEGREGATED PENDING HEARING | | | |
|---|---|---|---|---|---|---|
| ▶ | | 4-9-07 | DATE   U/A   LOC. | | | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | | HEARING REFERRED TO | |
|---|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE | | 4/9/07 | ▶ | | | |
| ☒ SERIOUS | F | | | | ☐ HO   ☒ SHO   ☐ SC   ☐ FC | |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | | DATE | TIME | TITLE OF SUPPLEMENT | | |
|---|---|---|---|---|---|---|---|
| B07-04-0004 | ▶ | | 4-10-07 | 1045 | | | |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
| N/A | ▶ | | | | ▶ | | |

HEARING

**Plea:** NOT GUILTY.

**Findings:** Inmate WEEMS was found GUILTY of CCR §3024, specifically "Business Dealings By Inmate" a Division "F" offense. This finding is based on the preponderance of evidence presented at the hearing which **does** substantiate the charge. The evidence presented at the hearing included: SEE CDC-115-C.

**Disposition:** Inmate WEEMS assessed 30 days forfeiture of credits in accordance with a Division "F" offense per CCR §3323. Inmate WEEMS is placed on "C" privilege status for 60 days starting: 05/10/07 thru 07/08/07. Inmate WEEMS'S privilege group "C" receives: No family visits, only ¼ the maximum canteen draw, no telephone calls, limited yard access per "C" status, no special purchases and no quarterly packages.

**Additional Disposition:** Inmate WEEMS was counseled, warned and reprimanded.

**Classification Referral:** N/A.

| REFERRED TO ☐ CLASSIFICATION    ☐ BPT/NAEA | | | | | |
|---|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | | SIGNATURE | DATE | TIME |
| T. Krenke, Correctional Lieutenant | | | ▶ | 5-10-07 | /50 |
| REVIEWED BY: (SIGNATURE) | | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | |
| ▶ E.B. Jones, Captain | | 5-17-07 | ▶ D. Mantel, C.D.O. | 22/07 | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) | | DATE | TIME |
| | | ▶ | | 5/30/07 | 0900 |

CDC 115 (7/88)

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

## SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| T-40463 | WEEMS | CCR §3024 | 04/03/07 | SVSP | B07-04-0004 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT  ☐ YES  ☒ NO

### POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | DATE |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | |
|---|---|---|
| | N/A | |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I REVOKE my request for postponement. | ▶ N/A | |

### STAFF ASSISTANT

| STAFF ASSISTANT | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED   ☐ WAIVED BY INMATE | ▶ | |
| ☐ ASSIGNED | | |

| | DATE | NAME OF STAFF |
|---|---|---|

☒☒ NOT ASSIGNED   REASON   DOES NOT MEET CRITERIA PER CCR §3315(d)(2).

### INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED   ☐ WAIVED BY INMATE | ▶ | |
| ☐ ASSIGNED | DATE | NAME OF STAFF |

☒ NOT ASSIGNED   REASON   DNMC 3315 d(1)

EVIDENCE / INFORMATION REQUESTED BY INMATE:

### WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER _____   ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

10: W 2 ΕΛΑΗΣ

| | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|
| | ▶ | |

☒ COPY OF CDC 115-A GIVEN INMATE   BY: (STAFF'S SIGNATURE) ▶

| TIME | DATE |
|---|---|
| 1045 | 4-10-07 |

CDC 115-A (7/88)          *— If additional space is required use supplemental pages —*

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**

PAGE 2 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-40463 | WEEMS | B07-04-0004 | SVSP | 04/03/07 |

SUPPLEMENTAL [ ]    CONTINUATION OF: [X] 115 CIRCUMSTANCES [ ]    HEARING [ ]    IE REPORT [ ]    OTHER _____

WEEMS is also engaging in a profession, by offering his services as stated in several letters by himself, "If you ever need my services please feel free to ask. My specialty is conceptualizing business, fund raisers, marketing strategy." Inmate WEEMS as counseled concerning these matters by me and was made aware that this report may be forth coming. The only intent of this report is to define his activities as they relate to CCR §3024. These correspondences were confiscated and will be held as evidences for a Senior Hearing Official. It should be noted that Inmate WEEMS received a CDC 115 Rules Violation Report for this same offense on 01/09/07.

( fourty five (45) )

M.P. Wright, Correctional Officer

SIGNATURE OF WRITER

5-30-07 0800

GIVEN BY: (Staff's Signature)

DATE SIGNED 4-9-07

DATE SIGNED 4-10-07

TIME SIGNED 1045

[X] COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)

OSP 99 25082

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTION

**RULES VIOLATION REPORT - PART C**

PAGE 2 OF 3

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-40463 | WEEMS | B07-04-0004 | SVSP | 5/10/07 |

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☒ HEARING | ☐ IE REPORT | ☐ OTHER |
|---|---|---|---|---|---|

**Hearing:** 05/10/07.          **Time:** 1910 hours.          **Any Postponement Explained:** None.

**Inmate's Health:** Inmate WEEMS stated his health was good. **MHSDS:** Inmate WEEMS **is not** a participant in the Mental Health Services Delivery System.

Date of Discovery: 04/03/07.          Initial RVR copy issued on: 04/10/07.
Hearing started on: 05/10/07.          Last document issued to inmate on: 04/10/07.
D.A. postponed date: None.          D.A. results issued date: None.          Time Constraints: Met.

**Staff Assistant (SA):** A Staff Assistant was not assigned per CCR §3315(d)(2). Inmate WEEMS's TABE score is above 4.0.
**Investigative Employee (IE):** An Investigative Employee was not assigned per CCR §3315(d)(1).

**D.A. Referral:** None.          **External/Outside Evidence:** None.          **Video Tape Evidence:** N/A.

**Evidence Requested or Used:** Yes.  18 letters written by Inmate WEEMS to various Newspapers, Law Office's and Law Schools encouraging them to buy and read his book, 38 Fliers advertising his book and 38 Envelopes in which the Fliers and letters were enclosed and being sent out in the institution mail. This evidence was presented to Inmate WEEMS for review and WEEMS was allowed over 24 hours to prepare after reviewing.

**Inmate Plea and Statement:** Inmate WEEMS entered a plea of **NOT GUILTY** and made no statement.

**Witnesses Requested or Provided:** None.  **Witness Testimony at Hearing:** None.  **Confidential Information:** None.

**Findings:** Inmate WEEMS is found GUILTY of "Business Dealings By Inmate." This finding is based upon the following preponderance of evidence:

A:  RVR Log #B07-04-0004 authored by Correctional Officer M.P. Wright, which states in part, "I received approximately (forty five) letters over a three day period from Inmate WEEMS (T-40463, B2-111) for processing out of the institution.  After inspection of these correspondences, it appears to me that Inmate WEEMS may be in violation of CCR section 3024 Business Dealing By Inmates, which states in part, "Inmates shall not engage actively in a business or profession except as authorized by the institution head." A business is defined as any revenue generating or profit making activity. All of the above mentioned correspondence were addressed to individuals, universities, colleges, law schools, media outlets, news papers, publishers, etc.  Inside of all, or most of these letters, was a personal handwritten letter from Inmate WEEMS identifying himself as the author of a book called "Prison Secrets", also included is a printed advertisement and means of payment ($18.00) by check or money order. The solicitation also offered an on-line computer website for sales and purchase of the book.  Several letters solicit considerations for the book to be made a mandatory read for curriculum in colleges or university law schools. It also should be noted that Inmate WEEMS is also engaging in a profession, by offering his services as stated in several letters by himself, "If you ever need my services please feel free to ask.  My specialty is conceptualizing business, fund raisers, marketing strategy." Inmate WEEMS as counseled concerning these matters by me and was made aware that this report may be forth coming.  The only intent of this report is to define his activities as they relate to CCR 3024.  These correspondences were confiscated and will be held as evidence for a Senior Hearing Official.  It should be noted that Inmate WEEMS received a CDC-115 Rules Violation Report for this same offense on 01/09/07."

(CON'T SEE CDC-115-C)

T. Krenke, Correctional Lieutenant

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| | | 5-10-07 |

| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| | | 5-30-07 | 0900 |

CDC 115-C (5/95)

OSP 99 25082

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
PAGE __3__ OF __3__

## RULES VIOLATION REPORT - PART C

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-40463 | WEEMS | B07-04-0004 | SVSP | 5/10/07 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☒ HEARING  ☐ IE REPORT  ☐ OTHER____

B: 18 letters written by Inmate WEEMS to various Newspapers, Law Office's and Law Schools encouraging them to buy and read his book.

C: 38 Fliers advertising his book and 38 Envelopes in which the Fliers and letters were enclosed and being sent out in the institution mail.

**Conclusion:** Based on the RVR and the evidence a guilty finding is appropriate. Inmate WEEMS had enclosed fliers advertising his book and letters encouraging Newspapers, Law Office's and Law Schools to buy and read his book in envelopes and placed them in the institution mail to be sent out.

**Enemy Concerns:** None.

**Appeal Rights:** Inmate WEEMS was advised of his rights to appeal and also the policy and procedure of credit restoration per C.C.R. §3327. Inmate WEEMS was advised he will receive a completed copy of the RVR upon final audit by the Chief Disciplinary Officer.

T. Krenke, Correctional Lieutenant

| | SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|---|
| | | | 5/10/0 |
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| | | 5-30-07 | 0500 |

CDC 115-C (5/95)

OSP 99 25082

*reply on September 05, 2007*

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION

ARNOLD SCHWARZENEGGER, GOVERNOR



**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001

August 24, 2007

WEEMS, EUGENE, T40463
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

RE: IAB# 0703001    DISCIPLINARY

Mr. WEEMS:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal. The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal. The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process. The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

This appeal issue should be submitted directly to the Appeals Coordinator for review and appropriate action.

N. GRANNIS, Chief
Inmate Appeals Branch

REC'D SEP 18 2007

---

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

RET'D NOV 0 5 2007

State of California          **INMATE / PAROLEE APPEAL SCREENING FORM**          Department of Corrections and Rehabilitation
                                                                                                CDCR-695

INMATE: ` Weems`                CDC #: `T-40463`          CDC HOUSING: `B2-205`

THIS IS *NOT* AN APPEAL RESPONSE – THIS APPEAL IS EITHER REJECTED FOR ONE OR MORE REASONS NOTED BELOW OR

RETURNED TO YOU TO ATTACH SUPPORTING DOCUMENTS.

## YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):

[ ] Duplicate Appeal; Same Issue

[ ] Inappropriate Statements

[ ] Time Constraints Not Met

[ ] Cannot Submit On Behalf Of another Inmate

[ ] Appealing Action Not Yet/Already Taken

[ ] May Submit One (1) Non-Emergency Appeal Per Week

[ ] Incomplete 602

[ ] Attempting to Change Original Appeal Issue

[ ] Not Authorized to Bypass Any Level

[ ] Numerous and separate issues

[✗] Limit of One Continuation Page May Be Attached

[ ] Action / Decision Not Taken By CDCR

[ ] DRB/BPH Decisions Are Not Appealable

[ ] No Significant Adverse Effect Demonstrated

[ ] Pointless Verbiage/Appeal is vague

[ ] Not A Request Form; Use CDCR-7362 – to access Medical
    Services, submit your request on a CDCR-Form 7362.
    If necessary, sign up for sick call.

[ ] Request for Interview; Not an Appeal

[ ] must attempt to resolve grievance informally
    through the informal appeals process

*REC'D SEP 18 2007*

**PLEASE FOLLOW INSTRUCTIONS AND RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS**
**Comments:** You may write on back of this form to clarify or respond to the above.

• use only 1 continuation page

2604   please
See Back Side -

Eloy Medina, CC-II
**Appeals Coordinator**

**RET'D NOV 0 5 2007**          Date: 9/10/07

This screening action may not be appealed. If you allege the above reason is inaccurate, then attach an explanation
on a separate piece of paper, or use the back of this screen out – *do not write any more on the appeal itself.* Please
return this form to the Appeals Coordinator with the necessary information attached. *(4/30/07)*

Appeal Log Number- SVSP B-07-04183

TO: Director of Corrections
    Chief, N. GRANNIS

November 05, 2007

Dear N. GRANNIS,

Many of these correctional officers are corrupt here at Salinas valley state prison and tend to cover each others wrong doing, and I would like to submit to a POLYGRAPH test to the truthness

~~...~~

Sgt. Jansen, did in fact order ~~% maketin to~~ return my 45 copies of my book flyers ( B07-01-0016) in the Log # rule violation. Doeing the return of these 45 flyers. Sgt. Jansen, stated that I can send my flyers out to my outside correspondence. After reviewing the Second level Reviewer interview with Sgt. Jansen and Lieutenant T. Krenke. They both lied. Sgt Jansen, gave me the approval to ~~send any~~ be allowed to send my flyers out to my out side correspondence and said he do not want to find them passed out to the yard.

Lieutenant, T. Krenke, clearly denied me the privilege to call witnesses at my rule violation

continue on back

State of California
**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the SECOND Level

*June 1, 2007*

**WEEMS, T40463**
*B2/111*

Log Number: SVSP-B-
(Note: Log numbers are not assigned to screen out appeals or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*You have failed to reasonably demonstrate that the issue you are appealing adversely affects your welfare, pursuant to CCR 3084.1(a).*

*The appellant is advised that the appeals process is not a rehearing of the disciplinary. The appeals process is a review to determine if all time constraints were met and if due process was maintained during the course of the disciplinary proceedings. The appellant has not presented any "new" evidence that was not available to him prior to his disciplinary hearing. A review of the RVR disposition shows that the appellant was afforded the opportunity to present an adequate defense and to call witnesses. The appellant made no statement on his behalf and waived the presence of any witnesses at his disciplinary hearing. The appellant should have called staff as witnesses but chose not to.*

6/12/07 received.
no response screening.
previous screened.
Appeal is screened
see previous screening

Appeals Coordinator
Salinas Valley State Prison

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

STATE OF CALIFORNIA

CDC 1858 (2/97)

DISCIPLINARY
in Appeal matter
IAB# 0703001

DEPARTMENT OF CORRECTIONS

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER** [this includes a departmental peace officer] **FOR ANY IMPROPER POLICE** [or peace] **OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS'** [or inmates'/parolees'] **COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN** [or inmate/parolee] **COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

**IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE.** [An inmate/parolee who makes a complaint against a departmental peace officer, knowing it is false, may be issued a serious disiplinary rule violation, in addition to being prosecuted on a misdemeanor charge.]

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| Eugene Weems | | 09/05/07 | |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER | DATE SIGNED |
| Eugene Weems | | T-40463 | 09/05/07 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |
| | | | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

# THE #1 BOOK OF THE CENTURY
# THE FIRST INTERNATIONAL BOOK OF ITS KIND



A MUST READ BOOK

PRISON SECRETS

BY

Eugene Weems

# WARNING

Please be advised to this warning of caution:

This book contains unexposed "Prison Secrets."
The true facts that is told by actual participants of Leadership positions of prison and street gangs.

This book is the first of it's kind that has the audaciousness to venture deep into the criminal mind and organization of prison gang's politics and activities behind the walls.
There has never been a book composed before this one with such actual information and facts with in depth and extensive details to the kept sacred secrets of the prison gangs operation, practices, racial out look, drug enterprise, prison rapes, and much more awaits you within these pages

**Order online at www.bejournals.com**

Look us up on Barnes & Nobles.com

Law Officials, federal state county Juvenile
and parole officers

District Attorney's

Legal Practitioner's

Troubled Teenagers

Family and friends who have
love ones inside the prison's

Some one facing prison time and prisoner's

Those who are just curious about knowing
the truth

Name_____
_____
Address _____
_____
_____
State_____Zip_____
Quantity of books_____

Make check or money order out to
Gwen James for $18.00
Please include book mailing information or forms for all institutions
shipping and handling, and tax are included in price

mail order form or inquire for more information to:

Gwendolyn James
P O Box 135
Daly City, CA 94016-1305
sareenlove@aol.com
newafrikka@yahoo.com

TO: ELOY MEDINA, CC-11
    APPEALS Coordinator

FROM: MR. EUGENE WEEMS, T-40463, B2-205

DATE: September 05, 2007
Subject: 602 appeal matter (Disciplinary) IAB# 0703001

    Dear Eloy Medina,
            Enclosed with this letter you will find
a Rights and Responsibility statement along with
the complete 602 and reply from the Chief Inmate
Appeals Branch (N. Grannis). In the reply it was
requested that I submit this 602 directly to the
appeals coordinator for review and appropriate
action.
        I would also like to bring to your
attention that the (fourty five (45)) letters that
was confiscated was never returned to me or
mailed out. I would like the return of my mail or
allow it to be mailed out, as well as this rules violation
to be removed from my C-file.
        I didnt violate any rule violation, plus Sgt. B. Jansen
gave me prior permission to mail out my book flyers to
my outside correspondence, and doing the hearing I requested
that Sgt. B. Janson and hearing office to be called as a witness

                    Thank you
                    MR. EW

# EXHIBIT
# COVER PAGE

$B$

**EXHIBIT**

## DESCRIPTION OF THIS EXHIBIT:

Inmates Appeals 602 complant (Log # SVSP-B-07-02179
Along with exibits of letters that was enclosed in the
mail that was refused by C.D.C.R. to me mailed out.
Also the Note's that C/o wright sent back with reasons
the letters he wouldnt process.

**NUMBER OF PAGES TO THIS EXHIBIT:** ____12____ **PAGES**

## JURISDICTION: (CHECK ONLY ONE)

☐ **MUNICIPAL COURT**

☐ **SUPERIOR COURT**

☐ **APPELLATE COURT**

☐ **STATE SUPREME COURT**

☐ **UNITED STATES DISTRICT COURT**

☐ **STATE CIRCUIT COURT**

☐ **UNITED STATES SUPREME COURT**

☐ **GRAND JURY**

# INMATE APPEAL ROUTE SLIP

**To: CА1**  ~R|A~ ~to CDOPS~ ~1st watch~ ~issue~             Date: May 9, 2007

From: INMATE APPEALS OFFICE

Re: Appeal Log Number **SVSP-B-07-02179** By       **WEEMS, T40463**

Due 1

Please assign this appeal to appropriate staff f        el response.

Appeal Issue: MAIL

Special Needs:                       Director's Rule 3~0~6/19/2007
                                     ersonal interview
                                     s policy is not within t    6/12/07
                                     tor's Rule 3084.5(f) (3

STAFF INSTRUCTIONS: **Per D**if the inmate is not avail**5(f) (2) first level
appeal review requires a p**         **the inmate unless
the appeal is granted**. This RANTED, DENIED, P stitution's jurisdiction
and cannot be waived. Dire omplete, return appeal to t des that a telephonic
interview may be conducted ature of the Division Head. erson.
                        upon completion.

Begin response with C                   RTIALLY GRANTED or
WITHDRAWN. When co                      he Appeals Office. All first
level appeals require sign u            appeals that are incomplete
will be returned for appropriate co

Refer to D.O.M. 54100 for instructions.

MAY 16 2007

T. VARIZ, CC-II / E. MEDINA CC-II
Appeals Coordinators
Salinas Valley State Prison

RECEIVED

ASSOCIATE WARDEN, OPS

STATE OF CALIFORNIA                                                                                    DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location:   Institution/Parole Region          Log No.              Category
1. _____SVSP____D_____   _O7-O2179_____   _3_____
2. _____   2. _____
                                                            —CADPSist

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.          outgang mail

| NAME Eugene Weems | NUMBER T-40463 | ASSIGNMENT | UNIT/ROOM NUMBER B2-205-L |
|---|---|---|---|

A. Describe Problem: I Am bringing forth a citizen complaint against Correctional officer ( M.P. Wright) B2 control officer for harassment via interfering, disallowing, censoring, and preventing me from sending out mail to my outside correspondence c/o wright, approached me on several occasions. our first encounter he informed me, he was the first watch control officer who hands the out going mail, he continue to state that he has been reading all my out going mail and

If you need more space, attach one additional sheet.          ( PleAse See Additional sheet )

B. Action Requested: what ever is Deem nessecary to correct c/o wright, unlawful behavior, harassment, and interfering with constitutional right all to corresponde with outside correspondence. And my freedom of speech.

Inmate/Parolee Signature: _____          Date Submitted: April 15, 2007

                                                            RECEIVED MAY 07 2007

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

# BYPASS

Staff Signature: _____          Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

# BYPASS

Signature: _____          Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed          CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

( I withdraw this Appeal )
E.A. June 12, 2007

Continue of 602
Eugene Weems v. M.P. Wright
Citizen Complaint
Informal Level

And started to inquire about my relationship with certain correspondence who are famous entertainers. He told me he was interested in reading my book "PRISON SECRETS" and asked if I had a copy that he could read. I did infact tell him I had a copy and would allow him to read it, but I changed my mind and told him he had to buy his own copy. which upsetted him.

A few day's later C/o wright call me out of my cell and informed me that he had confiscated fourty five of my out going letter's over a three day period, because on my letter's I identified myself as a Author, and enclosed a copy of my book flyer.

I told C/o wright I was infact giving permission by "Sergeant Jansen" to send out my book flyers to my outside correspondence, C/o wright, stated aggressively "I don't give a damn what Sgt. Jansen say, He's not my boss, His word don't mean shit! you dig? I been doin' this here for 26 years, my folks is at the top, the warden".

The next day I made attempts to send out mail. My mail was returned to me with a note attacted on them stating "Violates CCR 3024 Inmates shall not engage actively in a Business or profession." (Please see attached letter's and notes).

The next morning C/o wright called me into the office of unit-2. He stated "you know why your letter's was returned, because you contacted a publisher to solicit a idea for a book" I asked C/o wright was he jealous of me, and that question upsetted him greatly.

on April 15, 2007 I attempted to mail out letter's and they was also returned with a note attached stating ( CCR 3024 sale! sale! sale! same issue

Page-3
continue of 602
Eugene Weems V. M.P. Wright
citizen complaint
Informal Level

different tactic! )

It is clear that c/o Wright actions is deliberately and will continue to invade, interfere and hinder me from sending out mail to my outside correspondence

It is also clear that he is trying to restrict me and censor what I write in my letters. He is impeding on my first Amendment constitutional right, and removing enclosed documents from my out going mail, which is not no threat to any one or the institution, or not contraband. His only reason is for the purpose of reprisal.

( PLEASE SEE Attached Exibits Eph )
"A" and "B"

RECEIVED MAY 0 7 2007

of. INMATE CDC 602
Eugene V. M.P. Wright
Citizen complaint
Informal Level

1.      Letter to a pen pal publication that was returned by C/o M.P. Wright stating that it was business dealing sales violates CCR 3024) 5 ~~out~~ letters to different pen-pal publications with same Ad text was returned by officer refusing to mail them out for the ~~please~~ Here said reason

2.      Also enclosed is the note that was attached to all the letters

3.      Also is a note that was sent to me from F/7 writers service that post inmates pen-pals and artwork on their website for a price. I paid ~~before~~ for their service and sent out my desire Ad along with book flyer. They contacted me stating my book brochure was not enclosed. so the flyer had to be removed by C/o M.P. Wright

# Exhibit

being that he is the mail staff.      "A"

March 05, 3007

Eugene Weems, T-40463
Salinas Valley State Prison
P.O. Box 1050
Soledad CA 93960

F/A Writers Service
615 N.W. Jacob Dr. 206
Lees Summit MO 64081

I did not find the book
brochure you referred to.

ELY

April 15, 2007

please add the below Ad to your publications

Thank you!    MR. Eddy

PEN PAL

Ad Text:

BEST SELLING AUTHOR OF PRISON SECRETS
seeks correspondence with you. The handsome
32 year old, 6'1", 215 pound, former Kick Boxing
Champion is Also single. write to him at: Eugene
Weems, T40463, PO Box 1050, soledAd, CA 93960 USA
www. prisonsecrets. com

CCR ✓ SALES!
        SALES.
3024   SALES!
RTS!

SAME /DIFERENT!
ISSUE/ TACTIC!

The note
That c/o wright
Attached to the
out going letters

# A wise letter from prison offers warning

S ome interesting things have been written by men in prison.

John Bunyan was in jail when he wrote "Pilgrim's Progress."

So was Oscar Wilde when he wrote "De Profundis."

So was Eldridge Cleaver when he wrote "Soul on Ice."

I recently received a long letter from a man in prison, and I think it's more than interesting.

I think it's important.

The letter offers a "compelling look into the angry, anguished soul of a gangbanger, written by a man who has been there.

He is a man who knows what he is talking about and is a man enough to speak openly about the twisted path that he and so many others have taken, and the sad fate to which it has led them.

Eugene Weems is Prisoner No. 0403744750 at the West Valley Detention Center in Rancho Cucamonga. The 32-year-old robbery convict also is the author of "Prison Secrets" (Black Panther Party Press, $15, www.prisonsecrets.com) which the Web site bills as the "first book of its kind that the audaciousness to venture deep into the criminal mind."

His seven-page letter to me came in response to my June 11 column, in which I challenged gangbangers to tell us what drives them to embrace a lifestyle with so many risks and so few rewards. What do they see in it? Why do they do it?

"Dear John Weeks," his



**JOHN WEEKS**

ticle titled 'A Call to Gang Members,' and I felt the need to accept your proposal of utilizing your media platform to enlighten the public on why many youths join or associate with gangs. The information I provide you concerning this topic will be raw and uncut."

He proceeds to offer, at length, his personal and hard-won insight into a "lifestyle that many people cannot comprehend if they are not the product of a poverty-stricken environment."

"Weems is talking about more that material poverty. He is talking about emotional poverty.

He knows them both.

"From my internal position in this lifestyle, I can empathize with what tugs at the souls of youths so violently to compel their decision to choose such a lifestyle, believing it will rid them of their mental and emotional pains."

Here's the single most important paragraph of his letter:

"To answer society's question about what lures people to gangs, it's simply the lack of love and support system inside the home. Youths seek out this support system from the gangs, in order to fulfill that empty space where love should rest, and the feeling of being needed

---

# Weeks

continued from page B1

and wanted."

Weems goes on: "With the gangs, they are receiving the love, support, attention and social relationships they are not getting within the home. With the gangs, they have someone they can talk to about their problems, and depend on if they get in a bind."

For too many young people, the gang becomes their "real family," Weems says.

It may be a false family, but they cling to it desperately. "Once a kid starts fulfilling his empty spaces through the gangs, he will not be willing to

---

give up that support system, and he will do just about anything to keep that warm feeling of being wanted and loved."

That means trouble, Weems says. Loyalty to the gang compels its members to emulate and defend each other, and constantly to prove themselves to each other.

"The drug use and drinking become a part of the lifestyle, just to fit in with the group, and as time passes, some members start wanting different things, such as recognition or other illusions of glamour that seem to be part of the gangsta lifestyle.

And when trouble arises with one member, it normally involves the entire group. The gang has an obligation to every member regardless of the consequences."

---

Weems knows those consequences. He knows them too well.

And his remarkable words of wisdom, and they are words of warning, and should burn like fire in the minds of young men and are thinking of following same path.

"They should see that nativity and violence are not but a sure way to a fast death. Weems says, "Or to a life behind bars, which is a death."

John Weeks appears Sunday, Wednesday and Friday in the Local Section, and weekends in the U Section. Contact him at (909) 386-3858, or by e-mail, john.weeks@sbsun.com.

Of .inmate CDC 602
Eugene Weems v. M.P. Wright
Citizen complaint
Informal level

Letter that I attempted to mail out
on march 06, 2007. To: Ms. Chimbuko,
African American cultural center. Which
was denied for out going mailing by C/o M.P. wright
(stating; that I can't not mention any thing
In my letter about my book, skills, or websites)
The letter was return back to me with a hand
written note qouting Violates CCR 3024)

This note is not enclosed with Exhibit do to
the great possibility of it being removed/lost
but upon your request I can provide it. I made
Attempts to have it photo copy along with all
letters/notes at the Legal Library, but the law
Libraian refused to copy them.
( Please see attached General chrono from R. Rojas Library)



Exhibit

"B"

March 06, 2007

*VIOLATES CCR 3024*
*INMATES SHALL NOT*
*ENGAGE ACTIVELY IN A*
*BUSINESS OR PROFESSION*
*A BUSINESS IS DEFINED*
*AS ANY REVENUE*
*GENERATING OR PROFIT*
*MAKING ACTIVITY.*
*RETURN TO SENDER!*

Eugene Weems, T-40463, B2-111
Salinas Valley State Prison
P.O. Box 1050
Soledad CA. 93960

Ms. Chimbuko Tembo
African American Cultural Center
3018 W. 48th St
Los Angeles CA 90043

Dear Ms. Chimbuko,

I hope this letter finds A Queen healthy and in good spirits. I trust all is well and that your soul is blessed. A friend of a friend suggested that I contact you concerning my literary work and projects.

Please allow me to introduce myself. My name is Eugene Weems, I'm originally from Las Vegas, Nevada, unfortunately I reside in a California state prison for the moment.

I am a professional business consultant, producer and former world kick boxing champion. I'm also a writer who has ghost written novels, poetry, novels, short stories, and straight to DVD movies for famous entertainers and rappers. In addition, I am the Author of the non-fictional book called "PRISON SECRETS" www. prisonsecrets.com.

I would like to propose a idea for a book to raise money for (African) kids/women with Hiv/Aids and the victims of Hurricane Katrina. As the Author, I will be willing to donate all Author's proceeds from sale of the book.

I have created a original collection of Poetry. It's a book that every poetry lover must have and aspiring poets will want to have on their desk and book shelves. It's much more than creative writing and

Aspiration of one's soul. It reveals a complete Independence from the Aesthetic and Ideological conflicts that have typified poets and readers. It seems as each poem has a heart beat and breath of its own as you read them, that allow you to feel and experience the events of passion and emotions of each piece.

There is a large International market for my book as poetry has no geographical bounds. This book would be of interest to the millions of Individuals of the Hip-Hop and poet societies. I'm sure 'Oprah' would also be interested in it because we will direct half of the proceeds to her Oprah Angel foundation that helps the people over in Africa. I'm sure she would promote the book being it's for a charitable cause and 50% of the proceeds is going to her foundation.

My writing credits include Death Around the Corner, a novel by C-murder (famous rapper). The Beat within magazine, a weekly national magazine in Sanfrancisco, Struggle magazine, a monthly magazine in Detroit, Michigan, Dutch magazine, in Amsterdam, Holland. Coupdetat Illustrated magazine, in New York, New York, A Dead mans vengeance, a novel by Blunt. The Insider magazine, in Hillsboro, organ. And many others.

I utilize personal life experiences to reach out to the youth and the At-Risk to deviate them from negative thinking and objectives through my writings and actions.

I also entertain readers with my street novels which are hot page turners from the open page. I would love to send you a few chapters of a street novel I'm composing, upon your request.

I thank you for taking the time out to read this letter and I look forward to hearing from you at your earliest convience.

Sincerely

MR. Epic

The "doctrine of exhaustion of administrative remedies has not hardened into inflexible dogma. It contains its own exceptions...."[24] For example, exhaustion is not required if the administrative remedy is unavailable or inadequate.[25] Thus, if the CDC or BPT failed to process an appeal, the exhaustion requirement arguably would not apply. Exhaustion of administrative remedies for a state habeas corpus action is also not required if it would be futile. An administrative appeal might be futile if a prisoner knows for certain that the decision on a particular issue would be adverse.[26] Another exception is recognized where taking the time necessary to exhaust administrative remedies would cause the prisoner to suffer an unreasonable risk of irreparable harm, such as high risk of serious injury or sudden issues that could lead to overdue release.[27] (Prisoners should also refer to § 14.15 for information about requesting preliminary forms of relief in urgent matters.)

---

[23] In re Strick (1983) 148 Cal.App.3d 906, 911 [196 Cal.Rptr. 293]; In re Dexter (1979) 25 Cal.3d 921, 925 [160 Cal.Rptr. 118]; In re Muszalski (1975) 52 Cal.App.3d 500, 503 [125 Cal.Rptr. 286].

[24] Ogo Associates v. City of Torrance (1974) 37 Cal.App.3d 830, 834 [112 Cal.Rptr. 761].

[25] White v. California (1987) 195 Cal.App.3d 452, 464 [240 Cal.Rptr. 732]; Glendale City Employee's Assn., Inc. v. City of Glendale (1975) 15 Cal.3d 328, 342-343 [124 Cal.Rptr. 513].

[26] In re Dexter (1979) 25 Cal.3d 921, 925 [160 Cal.Rptr. 118]; In re Thompson (1985) 172 Cal.App.3d 256, 262-263 [218 Cal.Rptr. 192]; In re Reina (1985) 171 Cal.App.3d 638, 642 [217 Cal.Rptr. 535].

[27] See In re Serna (1978) 76 Cal.App.3d 1010, 1015-1020 [143 Cal.Rptr.350] (Stephens, J. dissenting).

475

*CALIF*  *PRISONERS HANDBOOK (2002) SAN QUENTIN*    *STATES :*

## 3.7 Procedural Rights Regarding Classification Decisions

For most classification decisions, prisoners generally must be provided with basic due process rights – notice, hearing, and written decision. These rights are required by the California Constitution, at least whenever the classification matter at hand could negatively affect a prisoner. As the California Supreme Court has held, "[w]hen an individual is subjected to deprivatory governmental action, he always has a due process liberty interest both in fair and unprejudicial decision making and in being treated with respect and dignity."[67] This interest in fair decision making requires that a prisoner be notified and have an opportunity to present his or her views before most classification actions occur.[68]

[66] A classification decision is considered arbitrary if there is not "some evidence" in the record which supports the prison officials' decision. In re Wilson (1988) 202 Cal.App.3d 661 [249 Cal.Rptr. 36]; see In re Lusero (1992) 4 Cal.App.4th 572 (finding no evidence to support prison officials' decision to require inmate to finish disciplinary SHU term from previous discharged term).

[67] People v. Ryan (1992) 9 Cal.App.4th 1855 [12 Cal.Rptr.2d 395]; see also People v. Ramirez (1979) 25 Cal.3d 260 [158 Cal.Rptr. 316].

[68] See, e.g., In re Carr (1981) 116 Cal.App.3d 962 [172 Cal.Rptr. 417] (holding that due process requires notice and a hearing, including the right to call witnesses and to receive help from a staff member if deemed necessary, before a prisoner's custody can be raised from "Maximum B" to "Maximum A").

[69] 15 CCR § 3375(c).

[70] 15 CCR § 3375(f)(2). A classification committee may act without the prisoner being present if (1) the prisoner refuses to attend; (2) the prisoner is physically incapable of attending or is psychiatrically determined to be mentally incompetent; (3) the classification action will improve the prisoner's conditions of confinement; (4) the classification action will approve a written request of the prisoner; or (5) the purpose of the hearing is routine review to schedule a future committee hearing. 15 CCR § 3375(f)(3).

[71] 15 CCR § 3375(f)(1).

93

*In re WILSON:*
*CA COURT HELD THAT COURTS MAY INTERVENE*
*IF A PRISON OFFICIALS DECISION IS*
*ARBITRARY, CAPRICIOUS, IRRATIONAL, OR AN*
*ABUSE OF THE DISCRETION.*

*SEE :*
*THIS PAGE SAME AS*
*EXHIBIT (B)*

*G/-3*

The "doctrine of exhaustion of administrative remedies has not hardened into inflexible dogma. It contains its own exceptions...."[24]  For example, exhaustion is not required if the administrative remedy is unavailable or inadequate.[25]  Thus, if the CDC or BPT failed to process an appeal, the exhaustion requirement arguably would not apply.  Exhaustion of administrative remedies for a state habeas corpus action is also not required if it would be futile. An administrative appeal might be futile if a prisoner knows for certain that the decision on a particular issue would be adverse.[26]  Another exception is recognized where taking the time necessary to exhaust administrative remedies would cause the prisoner to suffer an unreasonable risk of irreparable harm, such as high risk of serious injury or sudden issues that could lead to overdue release.[27]  (Prisoners should also refer to § 14.15 for information about requesting preliminary forms of relief in urgent matters.)

---

[23] In re Strick (1983) 148 Cal.App.3d 906, 911 [196 Cal.Rptr. 293]; In re Dexter (1979) 25 Cal.3d 921, 925 [160 Cal.Rptr. 118]; In re Muszalski (1975) 52 Cal.App.3d 500, 503 [125 Cal.Rptr. 286].

[24] Ogo Associates v. City of Torrance (1974) 37 Cal.App.3d 830, 834 [112 Cal.Rptr. 761].

[25] White v. California (1987) 195 Cal.App.3d 452, 464 [240 Cal.Rptr. 732]; Glendale City Employee's Assn. Inc. v. City of Glendale (1975) 15 Cal.3d 328, 342-343 [124 Cal.Rptr. 513].

[26] In re Dexter (1979) 25 Cal.3d 921, 925 [160 Cal.Rptr. 118]; In re Thompson (1985) 172 Cal.App.3d 256, 262-263 [218 Cal.Rptr. 192]; In re Reina (1985) 171 Cal.App.3d 638, 642 [217 Cal.Rptr. 535].

[27] See In re Serna (1978) 76 Cal.App.3d 1010, 1015-1020 [143 Cal.Rptr. 350] (Stephens, J. dissenting).