IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE L. WEEMS, | No. C 07-6387 WHA (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| M. S. EVANS, Warden, | |
| Respondent. | |

This is a habeas case filed pro se by a state prisoner. It was dismissed with leave to amend because petitioner had pleaded facts showing that he had not exhausted. He has amended, alleging that he has now exhausted by presenting his claims to the highest state court available, the Supreme Court of California. The Court will now review the petition to determine whether an order to show cause should issue.

**DISCUSSION**

**A.    STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall

set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.   LEGAL CLAIMS**

The petition is directed to petitioner's conviction for violating a disciplinary rule. As a result of the conviction he lost thirty days of good-time credits, so arguably this claim may be brought in a habeas case.

As grounds for federal habeas relief, petitioner asserts that his First Amendment rights were violated when he was punished for writing a book and sending out information about it. This claim is sufficient to require a response.

**CONCLUSION**

1. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within sixty days of service of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of service of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a

1 motion, petitioner shall file with the court and serve on respondent an opposition or statement of
2 non-opposition within thirty days of receipt of the motion, and respondent shall file with the
3 court and serve on petitioner a reply within 15 days of receipt of any opposition.

4     4. Petitioner is reminded that all communications with the court must be served on
5 respondent by mailing a copy of the document to respondent's counsel. Papers intended to be
6 filed in this case should be addressed to the clerk rather than to the undersigned. Petitioner also
7 must keep the court informed of any change of address by filing a separate paper with the clerk
8 headed "Notice of Change of Address," and comply with any orders of the court within the time
9 allowed, or ask for an extension of that time. Failure to do so may result in the dismissal of this
10 action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez*
11 *v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

12 **IT IS SO ORDERED.**

14 Dated: March 3, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

28 G:\PRO-SE\WHA\HC.0\.OSC

**United States District Court**
For the Northern District of California