1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  BRIAN C. KINNEY, State Bar No. 245344
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004
7   Telephone: (415) 703-5255
    Fax: (415) 703-5843
8   Email: Brian.Kinney@doj.ca.gov

9  Attorneys for Respondent

10

11         IN THE UNITED STATES DISTRICT COURT

12         FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                  SAN FRANCISCO DIVISION

| | |
|---|---|
| **Eugene L. Weems,**<br><br>                                Petitioner,<br><br>   v.<br><br>**M. S. Evans, Warden,**<br><br>                                Respondent. | C07-6387 WHA<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge: The Honorable William H. Alsup |

TO PETITIONER EUGENE L. WEEMS, IN PRO SE:

PLEASE TAKE NOTICE that Respondent M.S. Evans, Warden of the Salinas Valley State Prison, moves this Court to dismiss the Petition for Writ of Habeas Corpus pursuant to Rule 4 of the Federal Rules Governing Habeas Cases, on the grounds that Petitioner has procedurally defaulted. This motion is based on the notice and motion, the supporting memorandum of points and authorities, the court records in this action, and other such matters properly before this Court. No hearing is requested.

///

///

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

In this Petition, Weems challenges the constitutionality of a Rules Violation Report he received for violating a prison disciplinary rule prohibiting business dealings by inmates. However, because the state court denied Weems's claim as a result of his failure to exhaust his administrative appeals — a state-law ground independent of the federal question and adequate to support the judgment — the doctrine of procedural default bars Weems from obtaining federal habeas relief.

## STATEMENT OF RELEVANT FACTS

Petitioner Eugene Weems is a California state inmate proceeding pro per in this matter. Weems is lawfully in the custody of the California Department of Corrections and Rehabilitation (CDCR) serving twenty years in prison following his October 25, 2001 conviction for two counts of second-degree robbery, possession of a firearm, and two counts of personal use of a firearm during the commission of an enumerated felony. (Ex. A, Abstract of Judgment.)

On May 10, 2007, prison officials found Weems guilty of a prison disciplinary violation for engaging in business dealings. On July 27, 2007, Weems filed a habeas petition in state superior court challenging the prison's finding. Citing to *In re Muszalski*, 52 Cal.App.3d 500, 508 (1975) — a case denying an inmate's habeas petition because he failed to properly exhaust his inmate appeals — the superior court denied Weems's claim "because he failed to exhaust administrative remedies." (Ex. B, Superior Court Denial, dated September 19, 2007, at p. 2.) The superior court reasoned that Weems "has failed to show that his [administrative inmate] appeals were reviewed *through the Director's level*." (*Id.*) The opinion also cites *People v. Duvall*, 9 Cal.4th 464, 474 (1995), for the proposition that petitioner must plead sufficient facts to demonstrate that he exhausted or attempted to exhaust his inmate appeal through the director's level. (*Id.*)

Weems then filed his claim in the California Court of Appeal, where it was denied without explanation. (Ex. C, Court of Appeal Denial, dated November 30, 2007.) Thereafter, Weems filed a January 10, 2008 petition in the California Supreme Court. (Ex. D, Supreme Court Petition, dated January 10, 2008.) On February 13, 2008, the California Supreme Court denied

1  Weems's claim without a reasoned decision. (Ex. E, Supreme Court Denial, dated February 13,
2  2008.) However, the Supreme Court's denial cited to *In re Dexter*, 25 Cal.3d 921 (1979), which
3  addresses the administrative exhaustion requirement, and *In re Clark*, 5 Cal.4th 750 (1993),
4  which denies a petitioner's habeas petition on procedural grounds.

5  On January 31, 2008, the Inmate Appeals Branch issued Weems a Director's level response
6  to his administrative inmate appeal that challenged his Rules Violation Report. (Ex. F,
7  Director's Level Decision, dated January 31, 2008.) But Weems never presented the Director's
8  level response in state court. Rather, he filed this federal habeas petition and attached the
9  January 31, 2008 Director's level decision.

## ARGUMENT

### I.

### WEEMS'S HABEAS CLAIM IS BARRED BY PROCEDURAL DEFAULT.

Under the doctrine of procedural default, a federal court will not review claims in a habeas petition if the state court has denied relief of those claims on a state law ground that is independent of federal law and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In the habeas context, the application of this doctrine is grounded in concerns of comity and federalism. *Id.* at 730. Without the procedural default rule, "habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of [the Supreme Court's] jurisdiction and a means to undermine the State's interest in enforcing its laws." *Id.* at 730-31. Hence, procedural default will block a federal habeas claim so long as the state court "clearly and expressly states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989).

**A. The California Courts Denied Weems's Claim Because His Petition Failed to Observe the State's Administrative Exhaustion Requirement.**

To determine whether a state procedural ruling bars federal review, the federal court will look to the last reasoned opinion on the claim. *Lambright v. Stewart*, 241 F.3d 1201, 1205 (9th Cir. 2001) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 804, (1991) [establishing, on habeas review, "look through" presumption that higher court agrees with lower court's reasoning where former

affirms latter without discussion]).

Here, the California Supreme Court issued a summary denial of Weems's habeas claim. (Ex. E.) The denial indicates that it is a state procedural ruling because it cites to *In re Dexter*, 25 Cal.3d 921 (1979), which holds that inmates must exhaust administrative remedies before pursuing judicial relief. (*Id.*) Nonetheless, the superior court rendered the last reasoned opinion on Weems's claim. This opinion clearly indicates that the state court denied Weems's claim for a state procedural issue, specifically because Weems "failed to exhaust administrative remedies." (Ex. B, at p. 2.)

### B. The State's Administrative Exhaustion Requirement Is Independent of Federal Law.

"For a state procedural rule to be 'independent,' the state law basis for the decision must not be interwoven with federal law." *La Crosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001) (citing *Michigan v. Long*, 463 U.S. 1032, 1040-1041 (1983)). A state law is so interwoven if the state's "application of the procedural bar depend[s] on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed." *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000) (quoting *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)).

Here, California's administrative exhaustion requirement — as applied in the California Supreme Court cases of *In re Dexter*, 25 Cal.3d 921 (1979), and *In re Muszalski*, 52 Cal.App.3d 500 (1975) — falls entirely under state law. As indicated in these cases, the exhaustion prerequisite does not rely on federal law, but rather a long-established state rule. *Dexter*, 25 Cal.3d at 925 (describing administrative exhaustion requirement as a "general rule" and citing several California cases); *Muszalski*, 52 Cal.App.3d at 503 (describing requirement as "well settled as a general proposition").

Furthermore, the superior court's opinion denying Weems's claim applied the administrative exhaustion requirement because CDCR provides an administrative grievance system for prisoner complaints. Cal. Code Regs. tit 15, § 3084 *et seq*. This inmate appeals process incorporates several levels of review and the Director's level is the final administrative level that renders a decision. *Id.* at § 3084.5; *see also Wyatt v. Terhune*, 315 F.3d 1108, 1116

Not. of Mot. and Mot. to Dismiss; Mem. of P. & A.

*Weems v. Evans*
C07-6387 WHA

1  (9th Cir. 2003). Accordingly, the exhaustion rule and its application in the superior court rely on
2  independent state grounds.

### C. The State's Administrative Exhaustion Requirement Is An Adequate State-Law Ground.

To be deemed adequate, the state-law ground for the decision must be well-established and consistently applied. *Poland v. Stewart*, 169 F.3d 573, 577 (9th Cir. 1999) ("A state procedural rule constitutes an adequate bar to federal court review if it was 'firmly established and regularly followed' at the time it was applied by the state court.") (quoting *Ford v. Georgia*, 498 U.S. 411, 424 (1991)).

Indeed, California's rule that an inmate must exhaust his administrative appeals is well-established and has been applied since 1941. *Abelleira v. District Court of Appeal*, 17 Cal.2d 280, 292 (1941). In addition, California courts have consistently applied this rule since *Abelleira*. *E.g.*, *Dexter*, 25 Cal.3d at 925; *In re Muszalski*, 52 Cal.App.3d at 503; *In re Serna*, 76 Cal.App.3d 1010, 1014 (1978); *Humes v. Margil Ventures, Inc.*, 174 Cal.App.3d 486, 494 (1985); *Wright v. State*, 122 Cal.App.4th 659 (2004). Accordingly, the adequacy of the state's procedural rule constitutes a bar to federal review of Weems's claim.

In summary, the reason for Weems's state-court denial — failure to exhaust administrative remedies, which is an independent state ground adequate to support the judgment — precludes federal habeas review of his claims.

### II. WEEMS BEARS THE BURDEN OF DEMONSTRATING WHY THE COURT SHOULD NOT APPLY THE DOCTRINE OF PROCEDURAL DEFAULT.

Under Ninth Circuit jurisprudence, once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner. *Bennett v. Mueller*, 322 F.3d 573, 586 (2003). The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule. *Id.* Alternatively, a petitioner must "demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a

1 fundamental miscarriage of justice." *Noltie v. Peterson*, 9 F.3d 802, 804-805 (9 Cir. 1993); *Park v. California*, 202 F.3d at 1150.

Respondent has shown that the California courts did not consider Weems's federal habeas claims because he failed to demonstrate that he had exhausted his administrative remedies, which is a state procedural rule independent of federal law and adequate to support the judgment. (Ex. B; Ex. C; Ex. D.) That Weems obtained the requisite Director's level decision after he filed his claims in state court does not change the fact that he deprived the state courts of the opportunity to rule on the merits of his habeas claims. Accordingly, the burden now rests on Weems to prove that California's administrative exhaustion rule has been inconsistently applied in state habeas corpus proceedings. Alternatively, Weems must show cause and actual prejudice, or a miscarriage of justice. If Weems fails to meet this burden, the Petition must be dismissed under the doctrine of procedural default.

///
///
///

Not. of Mot. and Mot. to Dismiss; Mem. of P. & A.

*Weems v. Evans*
C07-6387 WHA

## CONCLUSION

Because the California courts denied Weems's habeas petition for his failure to exhaust his administrative remedies, the current Petition is barred by the doctrine of procedural default. If Weems fails to meet his burden — by showing the inadequacy of the state's procedural bar, a cause for the procedural default and actual prejudice, or a fundamental miscarriage of justice — Respondent respectfully requests that the Petition for Writ of Habeas Corpus be dismissed.

Dated: April 30, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

/S/ BRIAN C. KINNEY
BRIAN C. KINNEY
Deputy Attorney General
Attorneys for Respondent

40243695.wpd
SF2008400771

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Eugene L. Weems v. M. S. Evans, Warden**

Case No.:    **C07-6387 WHA**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **April 30, 2008**, I served the attached

**NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Eugene L. Weems
T-40463/B2-205
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **April 30, 2008**, at San Francisco, California.

|  |  |
|---|---|
| R. Panganiban | /S/ R. Panganiban |
| Declarant | Signature |

40247754.wpd