# EXHIBIT  D

Name  Eugene Lamont Weems

Address  Salinas Valley State Prison

PO Box 1050

Soledad CA 93960

CDC or ID Number  T-40463

SUPREME COURT
MC-275
FILED

JAN 1 0 2008

Frederick K. Ohlrich Clerk

Deputy

SUPREME COURT OF California

_____
(Court)

PETITION FOR WRIT OF HABEAS CORPUS

MR. Eugene Weems
Petitioner

vs.

M.S. EVANS, Warden
Respondent

No. **S159832**

*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.
- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

RECEIVED

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

JAN 1 0 2008

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

CLERK SUPREME COURT

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court [as amended effective January 1, 2007]. Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Form Approved for Optional Use
Judicial Council of California
MC-275 [Rev. January 1, 2007]

PETITION FOR WRIT OF HABEAS CORPUS

Page 1 of 6

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 8.380
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

( 1 )

MC–275

**This petition concerns:**

☐ A conviction      ☐ Parole

☐ A sentence      ☐ Credits

☐ Jail or prison conditions      ☑ Prison discipline

☐ Other *(specify):* _____

1. Your name: MR. Eugene Weems, T-40463

2. Where are you incarcerated? Salinas Valley State prison

3. Why are you in custody? ☑ Criminal Conviction    ☐ Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

Robbery with use of a fire arm, two counts. Possession of a fire arm by an ex-felon

b. Penal or other code sections: § 211 12021, subd. (A) (1) 12022.53 subd (b) 654. 12022.5

c. Name and location of sentencing or committing court: San Bernardino Barstow court, 235 East mountain street, Barstow, CA 92311

d. Case number: FBA-06134

e. Date convicted or committed: October 25, 2001

f. Date sentenced: July 24, 2003

g. Length of sentence: Count 1 & 2 Robbery 5 + 1, 12022.53 inhandsments 10yrs + 3 yrs 4 months. Possession of a fire arm 8 months. Total of 20 years

h. When do you expect to be released? _____

i. Were you represented by counsel in the trial court? ☑ Yes.    ☐ No. If yes, state the attorney's name and address:

David Lee Phillips, 700 South 4th street, Las Vegas, NV 89101 Stanley Arouty, 12966 Euclid St, Suite 110, Garden Grove, CA 92680

4. What was the LAST plea you entered? *(check one)*

☑ Not guilty    ☐ Guilty    ☐ Nolo Contendere    ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

☐ Jury    ☑ Judge without a jury    ☐ Submitted on transcript    ☐ Awaiting trial

(2)

6. GROUNDS FOR RELIEF



Ground 1: State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

PETITIONER RIGHT TO DUE PROCESS AND FIRST AND FOURTEENTH AMENDMENTS HAVE BEEN VIOLATED BY (C.D.C.R.) CALIFORNIA DEPARTMENT AND REHABILITATION.

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

As a result of Petitioner Weems refusing a Salinas Valley state prison correctional officer, M.P. Wright; the privilege of reading his book (PRISON SECRETS). And refusing to answer the officer questions concerning the relationship of the petitioner and his outside correspondences who are high profile celebrities C/O Wright began to investigate whether Weems was violating the business or profession rule of the (C.C.D.C.R.) by sending out copies of his book flyers to his outside correspondences.

            Prior to the denial of refusing C/O Wright the privilege of reading petitioner's book. The correctional officer, M.P. Wright did not have no problem with petitioner mailing out his book flyers to any of his outside corresponden

b. Supporting cases, rules, or other authority (optional):
*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

( SEE Attached Pages )

GROUNDS FOR RELIEF
Ground-1 continue
Page- 4

However, despite the fact that petitioner informed C/o Wright he had prior permission from a senior officer sergeant, B. Jansen, and requested that he confer with the sergeant.

By law, petitioner is entitle to express himself and send information to his outside correspondence of his choice.

FACTS: Petitioner Weems was approached by C/o M.P. Wright, who then introduced himself as the first watch Building control officer who handles and process all the Building-2 out going mail. The officer stated to petitioner he has been reading all of his out going mail. And he find petitioner to be one of the most interesting persons he came across in the 26 years he been working as a correctional officer.

C/o Wright, goes on to attempt to create small talk by asking petitioner why he use his writing talents to do humanitarian work (Please Note: The officer is speaking about a letter he read concerning petitioner writing project he was composing to pay Tributes to the American troops and fallen Heroes that would raise money to send the active soldiers care packages and other needs). After petitioner responded to his question. The officer begain to inquire about his relationship with his outside correspondence's who are celebraties. And goes on to say he was interested in reading petitioner's book "PRISON SECRETS". He asked petitioner of he had a copy of the book in his cell that he could read.

Petitioner stated that he did. The officer stated he would get it from petitioner when he return to work the next day, but doing the conversation between petitioner and the officer. The petitioner had changed his mind about allowing C/o Wright to read his copy of the book, And told the officer

(4)

GROUNDS FOR RELIEF
Ground-1 continue
Page- 5

he had changed his mind on allowing him to borrow the book, but to buy his own copy of the book, to support the book. which up-setted the officer greatly.

Several days later c/o wright called petitioner out of his cell (Room) into the unit office. where himself and another correctional officer (c/o stepps) was present. c/o wright asked petitioner about his book again petitioner denied him for the second time of reading it.

c/o wright, became mad and aggressively stated that petitioner was trying to be like Stanley "Tookie" williams ect. Petitioner then asked c/o wright was he jealous of him, and that question up setted the officer.

c/o wright, then at that very moment aggressively stated he had confiscated fourty five (45) of petitioner's out going letters of the last pass three days because in the letters they identified the petitioner as a Author, and inclued a copy of a book flyer that featured his book.

Petitioner informed the officer that he was violating his first and fourteenth amendment rights to correspond and express himself. He also brought to his attention that he also had prior permission from a senior officer, sergeant Jansen. to be allow to send out his book flyers to his desire outside correspondence.

c/o wright stated aggressively "He don't give a damn what sgt. Jansen, say. He's not his boss. His word don't mean shit! you dig! I been doin' this here for 26 years, my folks is at the top, the warden."

(5)

GROUNDS FOR RELIEF
Ground-1 continue
Page-6

He (c/o Wright) goes on to state to petitioner "Any mail you attempt to send out for process that mention your book, pen-pal Ad, talents, writings, ect...ect... will not go out and I will be issuing a rule violation."

However, Petitioner was issued the first rule violation by c/o Wright on April 10, 2007 for Business Dealing by inmates for sending book flyers to his outside correspondence. PLEASE NOTE: The book flyer doesn't request money to be sent to the petitioner or the prison for petitioner. The book flyer only feature the petitioner name As the Author of the book And gives A synopsis of what the book is about, and the publishing company website and Address where the book can be purchased if desired. This flyer is no different from other book flyer or subscription cards that comes in magazines such As NATIONAL GEOGRAPHIE, SCIENTIFIC AMERICAN, PRISON LEGAL NEWS, ect... That would not be consider as business or profession rule violation. If petitioner choose to mail out several of their subscription cards. Also if petitioner book had been featured in either of those publication, or news papers, magazines or website ect, And he chosen to write his out side correspondence to inform them to buy A copy of that certain publication that featured his book. Would that be a CDC rule violation? Of course not, because petitioner is not engaging into any business dealing. Its the same situation concerning his book flyer's that features his name As the Author of the book he was mailing to his outside correspondence.

c/o wright, has denied and impeded upon petitioner right to correspond and express himself, thus infringing his first Amendment right. petitioner (weems) has not been able to disseminate his ideas through the written letters or work to any and rail out lets with out being issued a rule violation and mailing's being with held by the SALINAS VALLEY State prison official. A 602 was filed on this issue, and petitioner withdrawn his complaint when hearing officer promised that he would correct his officer misconduct.

GROUNDS FOR RELIEF

Ground-1  continue
PAGE-7

Weem's writing and mailing out his book flyers to his outside correspondence only affected prison Administration only when a correctional officer who inquired about reading Weem's book, and his relationship with high profile celebrities. This correctional officer was in control of the out going mail screening system.   when Weem's refused to volunteer information about his outside correspondence And deny the officer the pleasure to read his book (PRISON SECRETS).          The officer sought and imposed its mail watch, and rule violations, in form'd of reprisal towards Weems. The actions of the officer were motivated by personal emotions And not by concerns about escape, plans, plans About ongoing criminal activity, or threats, And security.   Weem's activity of mailing his book flyer out to his outside correspondence has not heightened tensions at the prison, And that his writings do not advocate violence, have Any impact on the prison population, threaten corrections officers, or burden prison security resource

See. eq. Bell v. Wolfish; 441 U.S. 520, 547, 99 S.Ct. 1861, 1878, 60 L.Ed.2d 447 (1979)

"The loss of First Amendmen freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury" Elrod v. Burns, 427 U.S. 347, 373, 96 S.Ct. 2873 2689, 49 L.Ed.2d 547 (1976).

(7)

SUPPORTING CASES, RULES OR OTHER AUTHORITY
Page- 8

Weems seek a Injunction against Department of Correction business or profession rule violations because he will be subjected to Irreparable harm and continuous reprisals if the Injunction is not granted.

Prison regulations like the business or profession rule which restrict an Inmates first Amendment rights must operate in a neutral fashion, with out regard to the content of the expression. Turner 482 U.S. At 90, 107, S. Ct. At 2262

Once prison security is Accomplished, " a prison Inmate retains those First Amendment rights that are not Inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections System Pell v. Procunier, 417 U.S. 817, 822, 94 S. Ct. 2800, 2804, 41 L. Ed. 2d 495 (1974)

Federal Rule of civil Procedure 65 permits a court to grant a preliminary Injunction if the moving party demonstrates a likelihood of success in the litigation, and that he will suffer great or irreparable Injury Absent an Injunction. Fed. R. Civ. P. 65, Delaware River Port Auth. V. Transamerican Trailer Transp. Inc., 501 F. 2d 917, 919-20 (3d Cir. 1974)

Weems Also filed a Inmate 602 Appeal concerning this misconduct of C/o Wright, please see Exibit - B" Weems withdrew the 602 Appeal Against C/o Wright After Weems was Assured that C/o Wright misconducts would be corrected June 12, 2007.

## SUPPORTING CASES, RULES, OR OTHER AUTHORITY

PAGE 9

Prison walls do not form a barrier separating prison inmates from the protections of the United States Constitution. Where prison rules or regulations impede the exercise of a prisoner's constitutional rights, federal courts must discharge their duty to protect those rights.

A prison regulation that limits a prisoner's exercise of his or her constitutional rights will be upheld only where there is reasonably relates to a legitimate penological interest. This determination entails consideration of four factors: (1) whether there is a rational relationship between the regulation and the proffered legitimate government interest; (2) whether inmates have alternative means of exercising their asserted rights; (3) how accommodation of the claimed constitutional right will affect guards, a prisoner's fellow inmates, and the allocation of prison resources; and (4) whether the policy is an exaggerated response to the jail's concerns.

A prison inmate retains First Amendment rights not inconsistent with his status as a prisoner or with legitimate penological objectives of the corrections system. Regulations affecting prisoners access to outside correspondence, publisher, media, magazines, court's, attorney ect are valid only if they are reasonably related to legitimate penological interests.

The courts consideration of whether there is a rational relationship between a penological policy and a prison's proffered legitimate government interests requires that the court weigh whether

SUPPORTING CASES, RULES, OR OTHER AUTHORITY
Page-10

the policy's objective is (1) legitimate and (2) Neutral; and (3) whether the policy is rationally related to that objective.

The court developed a four-pronged test (the Turner test) Turner v. Safley (1987) 482 U.S. 78, 89, 107 S. Ct. 2254, 96 L.Ed.2d 64.) to determine whether a prison regulation or policy is reasonably related to legitimate penological interests: "(1) whether there is a valid, rational connection between the policy and the legitimate government interest put forward to justify it; (2) whether there are alternative means of exercising the right; (3) whether the impact of accommodating the asserted constitutional right will have a significant negative impact on prison guards, other inmates and the allocation of prison resources generally, and (4) whether the policy is an 'exaggerated respose' to the prisons concerns (Mauro, supra, 188 F.3d at pp. 1058-1059 [citing Turner, supra, 482 U.S. at pp. 89-90, 107 Sd. 2254].)

" CONCLUSION "

Petitioner Respectfully request the court to order the Department of correction to rescind disciplinary action for violating the business or profession rule and to order that the discipline be removed from his C-file.

To grant permanent Injunction against the harassment of c/o wright, and the department of correction enforcement of its business or profession rule.

To grant preliminary relief to allow petitioner matt to be processed for out going matt to his outside correspondence And to stop infringing his first amendment right freedom of expression.

MC—275

8. Did you appeal from the conviction, sentence, or commitment?  ☐ Yes.  ☐ No.  If yes, give the following information:

   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

   _____

   b. Result _____  c. Date of decision: _____

   d. Case number or citation of opinion, if known: _____

   e. Issues raised: (1) _____

        (2) _____

        (3) _____

   f. Were you represented by counsel on appeal?  ☐ Yes.  ☐ No. If yes, state the attorney's name and address, if known:

   _____

9. Did you seek review in the California Supreme Court?  ☐ Yes  ☐ No.  If yes, give the following information:

   a. Result _____  b. Date of decision: _____

   c. Case number or citation of opinion, if known: _____

   d. Issues raised: (1) _____

        (2) _____

        (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

   _____

   _____

11. Administrative Review:

   a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].)  Explain what administrative review you sought or explain why you did not seek such review:

   _Department of correction Administrative Remedies_

   _Inmate Appeal form CDC 602_

   _____

   _____

   _____

   _____

   _____

   b. Did you seek the highest level of administrative review available?  ☑ Yes.  ☐ No.
      *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☑ Yes. If yes, continue with number 13.    ☐ No. If no, skip to number 15.

MC–275

13. a. (1) Name of court: Superior court of california county of monterey

(2) Nature of proceeding (for example, "habeas corpus petition"): Habeas Corpus petition

(3) Issues raised: (a) Petitioner right to due process and first and

(b) fourteenth Amendments have been violated by california Department

(4) Result (Attach order or explain why unavailable): Denied

(5) Date of decision: 09-19-07

b. (1) Name of court: Court of Appeal Sixth Appellate District Division two

(2) Nature of proceeding: Habeas corpus petition

(3) Issues raised: (a) SAME Here in

(b)

(4) Result (Attach order or explain why unavailable): Denied

(5) Date of decision: Nov 30 2007    ( H032256 )

c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)

16. Are you presently represented by counsel? ☐ Yes. ☑ No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court? ☑ Yes. ☐ No. If yes, explain: Several petitions concerning criminal conviction and similar to confinement conditions

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: JANUARY 08, 2007                    ▶                    _____
                                                                                                              (SIGNATURE OF PETITIONER)

MC–275 [Rev. January 1, 2007]                    PETITION FOR WRIT OF HABEAS CORPUS                    Page 6 of 6

**FILED**

SEP 1 9 2007

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
~~S. GARSIDE~~ DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MONTEREY

|  | ) | Case No.: HC 5839 |
|---|---|---|
| In re | ) | |
| | ) | ORDER |
| Eugene Weems | ) | |
| | ) | |
| On Habeas Corpus. | ) | |
| | ) | |
| | ) | |

On July 27, 2007, Petitioner Eugene Weems filed a petition for writ of habeas corpus. On August 7, 2007, Petitioner filed a supplement to the petition.

Petitioner is currently incarcerated at Salinas Valley State Prison (SVSP).

On April 9, 2007, Correctional Officer Wright issued a Rules Violation Report (RVR) against Petitioner, for business dealings by inmate. (RVR B07-04-0004.) On May 10, 2007, Petitioner was found guilty of business dealings by inmate. Petitioner was assessed 30 days forfeiture of credits.

On or about April 15, 2007, Petitioner submitted an appeal, claiming that Correctional Officer Wright was improperly interfering with his right to correspond by mail. (SVSP-B-07-02179.)

On or about May 31, 2007, Petitioner submitted an appeal, challenging the guilty finding of business dealings by inmate. (SVSP-B-07-00949.) On June 1, 2007 and June 12, 2007, Petitioner's appeal was screened out.

In the instant petition, Petitioner challenges the guilty finding of business dealings by inmate. Petitioner appears to claim that SVSP officials are improperly interfering with his right to sell his book in violation of Penal Code section 2601(a). He also appears to claim that Correctional Officer Wright is improperly interfering with his right to correspond by mail.

1    Petitioner's claims fail because he has failed to exhaust administrative remedies. See *In*

2  *re Muszalski* (1975) 52 Cal.App.3d 500, 508. Petitioner has failed to show that his appeals were

3  reviewed *through the Director's level*. Petitioner fails to state whether he has received a

4  response to his appeal, SVSP-B-07-02179. *People v.* Duvall (1995) 9 Cal.4th 464, 474. To the

5  extent that Petitioner claims that he has not received an appeal response, he fails to state whether

6  he inquired with the Appeals Office as to the status of his appeal, SVSP-B-07-02179. *Id.* To the

7  extent that Petitioner claims that his appeal dated May 31, 2007 (SVSP-B-07-00949) was

8  improperly screened out, his claim fails because he failed to comply with the Appeals

9  Coordinator's instructions. The screen out dated June 1, 2007 and June 12, 2007 states in

10  pertinent part, "If you believe this screen out is in error, please return this form to the Appeals

11  Coordinator with an explanation of why you believe it to be in error, and supporting documents.

12  You have only 15 days to comply with the above directives." (See CDC695 dated June 1, 2007

13  and June 12, 2007). Petitioner fails to state whether he submitted an explanation to the Appeals

14  Coordinator after his appeal was screened out on June 1, 2007 and June 12, 2007. *Duvall, supra,*

15  9 Cal.4th at p. 474.

16    Petitioner's reliance on *In re Van Geldern* (1971) 5 Cal.3d 832 is misplaced. *In re Van*

17  *Geldern* relied on California Penal Code section 2603, which granted inmates the right to convey

18  property; however, this provision was repealed in 1975 and replaced by California Penal Code

19  section 2601. See Cal. Pen. Code, § 2603 (repealed 1975). California Penal Code section 2601,

20  unlike California Penal Code section 2603, contains a provision allowing corrections officials to

21  prohibit inmate sales made for a business purpose. Pen. Code, § 2601.

22    The petition is denied.

23

24

25

2

1       IT IS SO ORDERED.

2  Dated:  09-19-07

3

4                       Hon. Stephen A. Sillman

5                       Judge of the Superior Court

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## CERTIFICATE OF MAILING

### C.C.P. SEC. 1013a

I do hereby certify that I am not a party to the within stated cause and that on

_____SEP 2 1 2007_____ I deposited true and correct copies of the following document:

ORDER in sealed envelopes with postage thereon fully prepaid, in the mail at Salinas,

California, directed to each of the following named persons at their respective addresses

as hereinafter set forth:

Eugene Weems, T-40463
SVSP
PO Box 1050
Soledad, CA 93960


Dated:___SEP 2 1 2007_____

LISA M. GALDOS,
Clerk of the Court

By:_____
Deputy    S. GARSIDE

COURT OF APPEAL -- STATE OF CALIFORNIA
FOURTH DISTRICT
DIVISION TWO

**ORDER**

FILED

NOV 1 2007

COURT OF APPEAL FOURTH DISTRICT

In re EUGENE WEEMS
    on Habeas Corpus.

E044341

(Super.Ct.No. FBA06134)

The County of San Bernardino

_____

THE COURT

    The petition for writ of habeas corpus is DENIED without prejudice to filing with the Sixth District.

McKINSTER

                                    Acting P.J.

cc:    See attached list



# EXHIBIT
# COVER PAGE



**EXHIBIT**

**DESCRIPTION OF THIS EXHIBIT:**
State of California CDC Form 695, Screening At the second level
Inmate 602 Appeal form
Rules Violation Report (Log No # B07-04-0004)

**NUMBER OF PAGES TO THIS EXHIBIT:** ____9____ **PAGES**

**JURISDICTION: (CHECK ONLY ONE)**

☐ **MUNICIPAL COURT**

☐ **SUPERIOR COURT**

☐ **APPELLATE COURT**

☐ **STATE SUPREME COURT**

☐ **UNITED STATES DISTRICT COURT**

☐ **STATE CIRCUIT COURT**

☐ **UNITED STATES SUPREME COURT**

☐ **GRAND JURY**

B2-005

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the SECOND Level

June 1, 2007

*WEEMS, T40463*
*B2/111*

Log Number: SVSP-B-
(Note: Log numbers are not assigned to screen out appeals or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*You have failed to reasonably demonstrate that the issue you are appealing adversely affects your welfare, pursuant to CCR 3084.1(a).*

*The appellant is advised that the appeals process is not a rehearing of the disciplinary. The appeals process is a review to determine if all time constraints were met and if due process was maintained during the course of the disciplinary proceedings. The appellant has not presented any "new" evidence that was not available to him prior to his disciplinary hearing. A review of the RVR disposition shows that the appellant was afforded the opportunity to present an adequate defense and to call witnesses. The appellant made no statement on his behalf and waived the presence of any witnesses at his disciplinary hearing. The appellant should have called staff as witnesses but chose not to.*

*This was without the reply was when it attempted to resubmit it. (Screen was...)*

*6/12/07 received. no response to previous screening. Appeal is screened. See previous screen.*

Appeals Coordinator
Salinas Valley State Prison

NOTE: Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

*Appeal of Disciplinary Action*

STATE OF CALIFORNIA                                                                                          DEPARTMENT OF CORRECTIONS

INMATE/PAROLEE
APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region _____    Log No. _____    Category _____
1. _____          1. _____
2. _____          2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| Eugene Weems | T-40463 | | B2-205 |

A. Describe Problem: I was denied my due process of rights to call witnesses that was crucial to the disciplinary accusation's. It is reasonably probable that a more favorable determination would have resulted had I been provided the opportunity to call witnesses. which I would have requested the reporting correctional officer, M.P. Wright, to be present at the hearing. I would have also requested Sergeant B. Hansen to be call As a witness due to the fact he was the sergeant who

If you need more space, attach one additional sheet.        ( See Attached sheet Continue )

RECEIVED JUN 0 1 2007

B. Action Requested: To dismiss the Rules violation Report, and to mail out my fourty five letters that is being held.

Inmate/Parolee Signature: _____    RET'D JUL 2 3 2007  Submitted: May 31, 2007

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response:                                                                                  DELIVERED JUN 04 2007

RECD JUN 1 2 2007

Staff Signature: _____        Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____
_____
_____
_____

Signature: _____        Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

Appeal of Disciplinary Action    ②
Eugene Weems T-40468 B2-205
Informal Level
Page -2
        continue

gave me the permission to be allowed to send my book flyers
out to my outside correspondence. Approximatly on 01/16/07
correctional sergeant, B-Jansen was the hearing officer in
a prior rules violation where I was accused of CCR§ 3024 violation,
and 45 copies of my book flyers was confiscated. Upon the disposition
the above mention book flyers was returned to me by Sgt. B. Janse
who then informed not to be distributing any of the flyers
to the inmate population, but I can send them out to my
out side correspondence.    Now when I desided to began
mailing my book flyer out to outside correspondence. It became
a problem with B2 first watch control officer M.P. Wright
who confronted me concerning this matter. About four days later
after he had been with holding over fourty five letters from being
processed for out going mail.  I clearlytold officer M.P. Wright
that Sgt. B-Jansen, told me I could send out my book flyers
to my outside correspondence. I told him he could confirm the
truthfulness to what I'm saying with the Sergeant,
which could have easly been executed being that the
sergeant was sitting at the podium at the time. C/o Wright
stated aggressively 'he gives a damn what Sgt Jansen
says, Hes not his boss. His word don't mean shit you dig'
ect. If officer M.P. Wright, would have conffred with
his senior staff at the time. There wouldn't never
had been a Rules violation report, because Sgt. Jansen
would have informed him that I had been giving
permission by him.   Furthermore, I also informed
T. Krenke, correctionnal Lieutenant who was the
hearing officer that I had permission from Sgt. Jansen
to mail out my book flyers. As I reviewed the Rules
violation report Inmate Plea and statement. It stated
I made no statement, which is not true. I stated
that I was giving permission by Sgt. Jansen, and
the report doesn't reflect that.

( continue on page 3 )

Appeal of Disciplinary Action
Eugene Weems T-40463, B2-205
INFORMAL LEVEL
PAGE-3
        Continue of 2

Also I was never engaging Actively in a business or profession. "engage", means To employ, hire, To enter into conflict with, To participate or induce to participate. "Profession", means An occupation, requiring Advanced study And specialized training.

All I was doing is introducing myself and requesting my correspondence to consider my book As A required Academic read and requesting that they make a few copies of my book flyer and post them up on their bill boards. Of course As the Author of the book it would be expected of me to send information to my contacts About the book.

I Also was not informed what disposition was being taking with the fourty plus letters that was confiscated. They have not been returned to me or I wasn't made aware if they have been sent out.

I Am requesting that this Rules violation be dismissed being that I was not involved in and business dealings, And furthermore I was giving permission by the facility correctional Sergeant to be allowed to send my book flyers out. If this was A Department of corrections rules violation then I shouldn't be punished for something I had no knowledge of and was giving permission to do by A senior officer.

Enclosed Are All documents and rules violation report

RECEIVED JUN 01 2007

804 Sent To Records On 4-9-07 By GW

STATE OF CALIFORNIA
**RULES VIOLATION REPORT**

DEPARTMENT OF CORRECTIONS

R2-205

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| T-40463 | WEEMS | | EPRD 12/30/2012 | SVSP | R2-111 | B07-04-000 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR §3024 | BUSINESS DEALINGS BY INMATES | B2-Control | 04/03/07 | 2230 Hrs. |

CIRCUMSTANCES

On 04/03/07, at approximately 2230 hours, while I was assigned as B2 First Watch Control Officer, I received approximately (forty five) letters over a three day period from Inmate WEEMS, T-40463, R2-111, for processing out of the institution. After inspection of these correspondences, it appears to me that Inmate WEEMS may be in violation of CCR section 3024 Business Dealing By Inmates, which states in part, "Inmates shall not engage actively in a business or profession except as authorized by the institution head." A business is defined as any revenue generating or profit making activity. All of the above mentioned correspondence were addressed to individuals, universities, colleges, law schools, media outlets, news papers, publishers, etc. Inside of all, or most of these letters, was a personal handwritten letter from Inmate WEEMS identifying himself as the author of a book called "Prison Secrets", also included is a printed advertisement and means of payment ($18.00) by check or money order. The solicitation also offered an on-line computer website for sales and purchase of the book. Several letters solicit considerations for the book to be made a mandatory read for curriculum in colleges or university law schools. It also should be noted that Inmate
(Continued on Part C)

Inmate WEEMS is not a participant in the Mental Health Services Delivery System.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ M.P. Wright, Correctional Officer | 4-9-07 | B2-Control Ofcr. | S/S |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | | |
|---|---|---|---|---|
| ▶ | 4-9-07 | DATE N/A | LOC. | |

| CLASSIFIED | OFFENSE DIVISION | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE | F | 4/9/07 | ▶ | ☐ HO ☐ SHO ☐ SC ☐ FC |
| ☒ SERIOUS | | | | |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | | |
|---|---|---|---|---|---|---|---|
| B07-04-0004 | ▶ | 4-10-07 | 1045 | | | | |
| ☐ INCIDENT REPORT LOG NUMBER: N/A | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | | DATE | TIME |

HEARING

**Plea:** NOT GUILTY.

**Findings:** Inmate WEEMS was found GUILTY of CCR §3024, specifically "Business Dealings By Inmate" a Division "F" offense. This finding is based on the preponderance of evidence presented at the hearing which does substantiate the charge. The evidence presented at the hearing included: SEE CDC-115-C.

**Disposition:** Inmate WEEMS assessed 30 days forfeiture of credits in accordance with a Division "F" offense per CCR §3323. Inmate WEEMS is placed on "C" privilege status for 60 days starting: 05/10/07 thru 07/08/07. Inmate WEEMS's privilege group "C" receives: No family visits, only ¼ the maximum canteen draw, no telephone calls, limited yard access per "C" status, no special purchases and no quarterly packages.

**Additional Disposition:** Inmate WEEMS was counseled, warned and reprimanded.

**Classification Referral:** N/A.

REFERRED TO ☐ CLASSIFICATION   ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | | DATE | TIME |
|---|---|---|---|---|
| T. Krenke, Correctional Lieutenant | ▶ | | 5-10-0? | /80 |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | |
|---|---|---|---|---|
| ▶ E.B. Jones, Captain | 5-17-07 | ▶ D. Mantel, C.D.O. | 5/22/07 | |

| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
| | ▶ | 5/3/08 | 0900 |

CDC 115 (7/88)

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

RULES VIOLATION REPORT - PART C
PAGE 2 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-40463 | WEEMS | B07-04-0004 | SVSP | 04/03/07 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☒ 115 CIRCUMSTANCES   ☐ HEARING   ☐ IE REPORT   ☐ OTHER

WEEMS is also engaging in a profession, by offering his services as stated in several letters by himself, "If you ever need my services please feel free to ask. My speciality is conceptualizing business, fund raisers, marketing strategy." Inmate WEEMS as counseled concerning these matters by me and was made aware that this report may be forth coming. The only intent of this report is to define his activities as they relate to CCR §3024. These correspondences were confiscated and will be held as evidence for a Senior Hearing Official. It should be noted that Inmate WEEMS received a CDC 115 Rules Violation Report for this same offense on 01/09/07.

M.P. Wright, Correctional Officer

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| | 4-9-07 |

| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| 5-31-07 Ofd | | 4-10-07 | 1045 |

CDC 115-C (5/95)

OSP 99 25082

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
**RULES VIOLATION REPORT - PART C**
PAGE _2_ OF _3_

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-40463 | WEEMS | B07-04-0004 | SVSP | 5/10/07 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☒ HEARING  ☐ IE REPORT  ☐ OTHER

Hearing: 05/10/07.   Time: 1910 hours.   Any Postponement Explained: None.

Inmate's Health: Inmate WEEMS stated his health was good.   MHSDS: Inmate WEEMS is not a participant in the Mental Health Services Delivery System.

Date of Discovery: 04/03/07.   Initial RVR copy issued on: 04/10/07.
Hearing started on: 05/10/07.   Last document issued to inmate on: 04/10/07.
D.A. postponed date: None.   D.A. results issued date: None.   Time Constraints: Met.

Staff Assistant (SA): A Staff Assistant was not assigned per CCR §3315(d)(2). Inmate WEEMS's TABE score is above 4.0.
Investigative Employee (IE): An Investigative Employee was not assigned per CCR §3315(d)(1).

D.A. Referral: None.   External/Outside Evidence: None.   Video Tape Evidence: N/A.

Evidence Requested or Used: Yes. 18 letters written by Inmate WEEMS to various Newspapers, Law Office's and Law Schools encouraging them to buy and read his book, 38 Fliers advertising his book and 38 Envelopes in which the Fliers and letters were enclosed and being sent out in the institution mail. This evidence was presented to Inmate WEEMS for review and WEEMS was allowed over 24 hours to prepare after reviewing.

Inmate Plea and Statement: Inmate WEEMS entered a plea of NOT GUILTY and made no statement.

Witnesses Requested or Provided: None.   Witness Testimony at Hearing: None.   Confidential Information: None.

Findings: Inmate WEEMS is found GUILTY of "Business Dealings By Inmate." This finding is based upon the following preponderance of evidence:

A: RVR Log #B07-04-0004 authored by Correctional Officer M.P. Wright, which states in part, "I received approximately (forty five) letters over a three day period from Inmate WEEMS (T-40463, B2-111) for processing out of the institution. After inspection of these correspondences, it appears to me that Inmate WEEMS may be in violation of CCR section 3024 Business Dealing By Inmate, which states in part, "Inmates shall not engage actively in a business or profession except as authorized by the institution head." A business is defined as any revenue generating or profit making activity. All of the above mentioned correspondence were addressed to individuals, universities, colleges, law schools, media outlets, news papers, publishers, etc. Inside of all, or most of these letters, was a personal handwritten letter from Inmate WEEMS, identifying himself as the author of a book called "Prison Secrets", also included is a printed advertisement and means of payment ($18.00) by check or money order. The solicitation also offered an on-line computer website for sales and purchase of the book. Several letters solicit considerations for the book to be made a mandatory read for curriculum in colleges or university law schools. It also should be noted that Inmate WEEMS is also engaging in a profession, by offering his services as stated in several letters by himself, "If you ever need my services please feel free to ask. My specialty is conceptualizing business, fund raisers, marketing strategy." Inmate WEEMS was counseled concerning these matters by me and was made aware that this report may be forth coming. The only intent of this report is to define his activities as they relate to CCR 3024. These correspondences were confiscated and will be held as evidence for a Senior Hearing Official. It should be noted that Inmate WEEMS received a CDC-115 Rules Violation Report for this same offense on 01/09/07."
(CON'T SEE CDC-115-C)

T. Krenke, Correctional Lieutenant

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| | | 5-10-07 |
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED 5-30-08 | TIME SIGNED 0900 |

CDC 115-C (5/95)   OSP 99.25082

STATE OF CALIFORNIA
**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS
PAGE __3__ OF __3__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-40463 | WEEMS | B07-04-0004 | SVSP | 5/10/07 |

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF | ☐ 115 CIRCUMSTANCES | ☒ HEARING | ☐ IE REPORT | ☐ OTHER |
|---|---|---|---|---|---|

B: 18 letters written by Inmate WEEMS to various Newspapers, Law Office's and Law Schools encouraging them to buy and read his book.

C: 38 Fliers advertising his book and 38 Envelopes in which the Fliers and letters were enclosed and being sent out in the institution mail.

Conclusion: Based on the RVR and the evidence a guilty finding is appropriate. Inmate WEEMS had enclosed fliers advertising his book and letters encouraging Newspapers, Law Office's and Law Schools to buy and read his book envelopes and placed them in the institution mail to be sent out.

Enemy Concerns: None.

Appeal Rights: Inmate WEEMS was advised of his rights to appeal and also the policy and procedure of credit restoration per C.C.R. §3327. Inmate WEEMS was advised he will receive a completed copy of the RVR upon final audit by the Chief Disciplinary Officer.

T. Kranke, Correctional Lieutenant

| | SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|---|
| | | | 5/10/07 |
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED. | TIME SIGNED |
| | | 5-30-08 | 0800 |

CDC 115-C (5/95)

OSP 99 250

STATE OF CALIFORNIA                                                          DEPARTMENT OF CORRECTIONS

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| T-40463 | WEEMS | CCR §3024 | 04/03/07 | SVSP | B07-04-0004 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT     ☐ YES     ☒ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| | N/A |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I REVOKE my request for postponement. | ▶ N/A | |

## STAFF ASSISTANT

| STAFF ASSISTANT | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED     ☐ WAIVED BY INMATE | ▶ | |

| ☐ ASSIGNED | DATE | NAME OF STAFF | | |
|---|---|---|---|---|
| ☒ NOT ASSIGNED | REASON | DOES NOT MEET CRITERIA PER CCR §3315(d)(2). | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED     ☐ WAIVED BY INMATE | ▶ | |

| ☐ ASSIGNED | DATE | NAME OF STAFF | |
|---|---|---|---|
| ☒ NOT ASSIGNED | REASON | DNMC 3315 d(1) | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER   ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|
| | ▶ | |

| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME 1045 | DATE 4-10-07 |
|---|---|---|---|

CDC 115-A (7/88)                 — *If additional space is required use supplemental pages* —

# EXHIBIT
# COVER PAGE

B

**EXHIBIT**

**DESCRIPTION OF THIS EXHIBIT:**

Inmates Appeals 602 complant (Log # SVSP-B-07-02179 Along with exibits of letters that was enclosed in the mail that was refused by C.D.C.R. to me mailed out. Also the Notes that C/o wright sent back with ~~sear~~ the letters he wouldnt process.

**NUMBER OF PAGES TO THIS EXHIBIT: ____12____ PAGES**

**JURISDICTION: (CHECK ONLY ONE)**

☐ **MUNICIPAL COURT**

☐ **SUPERIOR COURT**

☐ **APPELLATE COURT**

☐ **STATE SUPREME COURT**

☐ **UNITED STATES DISTRICT COURT**

☐ **STATE CIRCUIT COURT**

☐ **UNITED STATES SUPREME COURT**

☐ **GRAND JURY**

# INMATE APPEAL ROUTE SLIP

**To: CA1**    Date: May 9, 2007

From: INMATE APPEALS OFFICE

Re: Appeal Log Number **SVSP-B-07-02179** By    **WEEMS, T40463**

Due 1

Please assign this appeal to appropriate staff f.        el response.

Appeal Issue: MAIL

Special Needs:

**rector's Rule 3**06/19/2007

**ersonal interview**

s policy is not within f

tor's Rule 3084.5(f) (3

STAFF INSTRUCTIONS: **Per D** if the inmate is not avail. **5(f) (2) first level appeal review requires a p** the inmate unless **the appeal is granted.** Thi- GRANTED, DENIED, Rstitution's jurisdiction and cannot be waived. Direc- mplete, return appeal to t des that a telephonic interview may be conducted ature of the Division Head. person.

Begin response with C        RTIALLY GRANTED or WITHDRAWN. When cc.        ne Appeals Office. All first level appeals require signa.        ppeals that are incomplete will be returned for appropriate cc.

Refer to D.O.M. 54100 for instructions.

MAY 16 2007

T. VARIZ, CC-II / E. MEDINA CC-II
Appeals Coordinators
Salinas Valley State Prison

RECEIVED

MAY 24 2007

ASSOCIATE WARDEN, OPS

STATE OF CALIFORNIA.                                                      DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC-602 (12/87)

Location: Institution/Parole Region    Log No.    Category
1. SVSP D    07-02179    3
2. _____ 2. _____ CAOPSIst

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly. Outgoing mail

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| Eugene Weems | T-40463 | | B2-205 5 |

A. Describe Problem: I am bringing forth a citizen complaint against correctional officer (M.P. Wright) B2 control officer for harassment via interfering, disallowing, censoring and preventing me from sending out mail to my outside correspondence. C/o Wright approached me on several occasions. Our first encounter he informed me he was the first watch control officer who hands the outgoing mail, he continue to state that he has been reading all my outgoing mail and

if you need more space, attach one additional sheet.    (Please see additional sheet)

B. Action Requested: what ever is deem nessecary to correct c/o Wright, unlawful behavior, harassment, and interfering with constitutional right to corresponde with outside correspondence. and my freedom of speech.

Inmate/Parolee Signature: _____    Date Submitted: April 15, 2007

                                                RECEIVED MAY 7 2007

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

BYPASS

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____    Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim                    CDC Appeal Number:

(I withdraw this appeal
on June 12, 2007)

Continue of 602
Eugene Weems V. M.P. Wright
Citizen Complaint
Informal Level

And started to inquire about my relationship with certain correspondence who are famous entertainers. He told me he was interested in reading my book "PRISON SECRETS" and asked if I had a copy that he could read. I did infact tell him I had a copy and would allow him to read it, but I changed my mind and told him he had to buy his own copy. which upsetted him.

A few days later c/o wright call me out of my cell and informed me that he had confiscated fourty five of my outgoing letters over a three day period, because on my letters I identified myself as a Author, and enclosed a copy of my book flyer.

I told c/o wright I was infact giving permission by "Sergeant Jansen" to send out my book flyers to my outside correspondence. c/o wright, stated Aggressively "I don't give a damn what Sqt. Jansen say, He's not my boss, His word don't mean shit! you dig? I been doin' this here for 26 years, my folks is at the top, the warden".

The next day I made attempts to send out mail. my mail was returned to me with a note attached on them stating "Violates CCR 3024 Inmates shall not engage actively in a Business or profession." (Please see attached letters and notes).

The next morning c/o wright called me into the office of unit-2. He stated "you know why your letters was returned, because you contacted a publisher to solicit a idea for a book" I asked c/o wright was he jealous of me, and that question upsetted him greatly.

On April 15, 2007 I attempted to mail out letters and they was also returned with a note attached stating ( CCR 3024 Same! Same! Same issue

(continue on page-3)

RECEIVED MAY 07 2007

PAGE-3
continue of 602
eugene weems V. M.P. wright
citizen complaint
Informal Level

different tactic!)

It is clear that c/o wright actions is deliberately And will continue to Invade, Interfere And hinder me from sending out mail to my outside correspondence

It is also clear that he is trying to restrict me And censor what I write In my letters. He is impeding on my first Amendment constitutional right, And removing enclosed documents from my out going mail, which is not no threat to any one or the institution, or not contraband. His only reason is for the purpose of reprisal.

( PLEASE SEE ATTACHED EXIBITS )
"A" And "B"

RECEIVED MAY 07 2007

Of INMATE CDC 602
Eugene V. M. P. Wright
Citizen complaint
Informal Level

1.   Letter to a pen pal publication that was returned by c/o M. P. Wright stating that it was business dealing sales violates CCR 3024)   5 all letters to different pen-pal publications with same Ad Text was returned by officer refusing to mail them out for the ~~please~~ Here said reason

2.   Also enclosed is the note that was attached to all the letters

3.   Also is a note that was sent to me from F/9 writers service that post inmates pen-pals and Artwork on their web site for a price. I paid ~~before~~ for their service and sent out my desire Ad along with book flyer. They contacted me stating my book brochure was not enclosed. So the flyer had to be removed by c/o M. P. Wright



Being ~~that~~ he is the mail staff.    ¹⁰ A ¹¹

March 05, 2007

Eugene Weems, T-40463
Salinas Valley State Prison
P.O. Box 1050
Soledad CA 93960

F/A Writers Service
615 N.W. Jacob DR. 206
Lee's Summit MO 64081

I did not find the little brochure you referenced.

Sincerely,

April 15, 2007

please add the below Ad to your publications
Thank you!    MR. Ew-

PEN PAL
Ad TexT:

BESTSELLING AUTHOR OF PRISON SECRETS
seeks correspondence with you! The handsome
32 year old, 6'1", 215 pound, former Kick Boxing
Champion is also single. Write to him at: Eugene
Weems, T40463, PO Box 1050, Soledad, CA 93960 USA
www.prisonsecrets.com

CCR✓ SALES!
      SALES.
      SALES!

302 4

RTS!

SAME /DIFFERENT!
-ISSUE   TACTIC!

← The note
That c/o wright
Attached to the
out going letters

# A wise letter from prison offers warning



**JOHN WEEKS**

Some interesting things have been written by men in prison.

John Bunyan was in jail when he wrote "Pilgrim's Progress."

So was Oscar Wilde when he wrote "De Profundis."

So was Eldridge Cleaver when he wrote "Soul on Ice."

I recently received a long letter from a man in prison, and I think it's more than interesting.

I think it's important.

The letter offers a compelling look into the angry, anguished soul of a gangbanger, written by a man who has been there.

He is a man who knows what he is talking about and is man enough to speak openly about the twisted path that he, and so many others, have taken, and the sad fate to which it has led them.

Eugene Weems is prisoner No. P-40722750 at the West Valley Detention Center in Rancho Cucamonga. The 32-year-old robbery convict also is the author of "Prison Secrets" (Black Panther Party Press) $15, (www.prisonsecrets.com), which the Web site bills as the "first book of its kind that has the audaciousness to venture deep into the criminal mind."

His seven-page letter to me came in response to my June 11 column, in which I challenged gangbangers to tell us what drives them to embrace a lifestyle with so many risks and so few rewards. What do they see in it? Why do they do it?

"Dear John Weeks," his handwritten letter begins. "I had

ticle titled 'A Call to Gang Members,' and I felt the need to accept your proposal of utilizing your media platform to enlighten the public on why many youths join or associate with gangs. The information I provide you concerning this topic will be raw and uncut."

He proceeds to offer, at length, his personal and hard-won insight into a "lifestyle that many people cannot comprehend if they are not the product of a poverty-stricken environment."

Weems is talking about more than material poverty. He is talking about emotional poverty.

He knows them both.

"From my internal position in this lifestyle, I can empathize with what tugs at the souls of youths so violently to compel their decision to choose such a lifestyle, believing it will rid them of their mental and emotional pains."

Here is the single most important paragraph of his letter:

"To answer society's question about what lures people to gangs, it's simply the lack of love and support system inside the home. Youths seek out this support system from the gangs in order to fulfill that empty space where love should rest and the feeling of being needed

## Weeks

continued from page B1

and wanted."

Weems goes on: "With the gangs, they are receiving the love, support, attention and social relationships they are not getting within the home. With the gangs, they have someone they can talk to about their problems, and depend on if they get in a bind."

For too many young people, the gang becomes their "real family," Weems says.

It may be a false family, but they cling to it desperately. "Once a kid starts fulfilling his empty spaces through the gangs, he will not be willing to

give up that support system, and he will do just about anything to keep that warm feeling of being wanted and loved."

That means trouble, Weems says. Loyalty to the gang compels its members to emulate and defend each other, and constantly to prove themselves to each other.

"The drug use and drinking become a part of the lifestyle, just to fit in with the group, and as time passes, some members start wanting different things, such as recognition or other illusions of glamour that seem to be part of the gangsta lifestyle. And when trouble arises with one member, it normally involves the entire group. The gang has an obligation to every member regardless of the consequences."

Weems knows those consequences. He knows them too well.

And his remarkable letter from prison ends with the words of wisdom, and they also are words of warning, and they should burn like fire in the eyes and minds of young men who are thinking of following the same path.

"They should see that negativity and violence are nothing but a sure way to a fast death," Weems says. "Or to a life behind bars, which is a slow death."

John Weeks appears Sunday, Wednesday, and Friday in the Local Section, and weekends in the U Section. Contact him at (909) 386-3858, or by e-mail john.weeks@sbsun.com.

of inmate CDC 602
Eugene Weems V. M.P. Wright
Citizen complaint
Informal Level

Letter that I attempted to mail out
on march 06, 2007. To: Ms. Chimbuko,
African American cultural center. which
was denied for out going mailing by C/o M.P. Wright
(stating; that I can't not mention any thing
in my letter about my book, skills, or web sites)
The letter was return back to me with a hand
written note quoting Violates CCR 3024)
This note is not enclosed with Exhibit  do to
the great possibility of it being removed/ lost
but upon your request I can provide it. I made
attempts to have it photo copy along with All
letters/notes At the Legal Library, but the law
Librain refused to copy them.
(Please see attached General chrono from R. Rojas Library)



" B "

march 06, 2007

Eugene Weems, T-40463, B2-111
Salinas Valley State Prison
P.O. Box 1050
Soledad ca. 93960

VIOLATES CCR 3024
INMATES SHALL NOT
ENGAGE ACTIVELY IN A
BUSINESS OR PROFESSION.
A BUSINESS IS DEFINED
AS ANY REVENUE
GENERATING OR PROFIT
MAKING ACTIVITY.
RETURN to SENDER!

Ms. Chimbuko Tembo
African American Cultural center
3018 W. 48th St
Los Angeles CA 90043

Dear Ms. Chimbuko,
    I hope this letter finds A Queen healthy and in good
spirits. I trust All is well And that your soul is blessed.
A friend of a friend suggested that I contact you concerning
my literary work and projects.
    Please allow me to introduce myself. My name is
Eugene Weems, I'm originally from Las Vegas, Nevada,
unfortunately I reside in a California state prison for
the moment.
    I am a professional business consultant, producer
and former world kick boxing champion. I'm also a
writer who has ghost written novels, poetry, novels,
short stories, and straight to DVD movies for famous
entertainers and rappers. In addition, I am the Author
of the non-fictional book called "PRISON SECRETS" www.
prisonsecrets.com.

    I would like to propose a idea for a book to raise
money for African kids/women with Htv/Aids and the
victims of Hurricane Katrina. As the Author, I will be
willing to donate all Author's proceeds from sale of the book.
    I have created a original collection of Poetry.
It's a book that every poetry lover must have and
Aspiring poets will want to have on their desk and book
shelves.   It's much more than creative writing and

PAGE-2

aspiration of one's soul. It reveals a complete independence from the Aesthetic and Ideological conflicts that have typified poets and readers. It seems as each poem has a heart beat and breath of its own as you read them, that allow you to feel and experience the events of passion and emotions of each piece.

There is a large International market for my book. As poetry has no geographical bounds. This book would be of interest to the millions of individuals of the Hip-Hop and poet societies. I'm sure 'Oprah' would also be interested in it because we will direct half of the proceeds to her Oprah Angel foundation that helps the people over in Africa. I'm sure she would promote the book being it's for a charitable cause and 50% of the proceeds is going to her foundation.

My writing credits include Death Around the Corner, a novel by C-Murder (famous rapper). The Beat within magazine, a weekly national magazine in Sanfrancisco. Struggle magazine, a monthly magazine in Detroit, Michigan. Dutch magazine, in Amsterdam, Holland. Coupdetat Illustrated magazine, in New York, New York. A Dead mans vengeance, a novel by Blunt. The Insider magazine, in Hillsboro, Oregon. And many others.

I utilize personal life experiences to reach out to the youth and the At-Risk to deviate them from negative thinking and objectives through my writings and actions.
I also entertain readers with my street novels which are hot page turners from the open page. I would love to send you a few chapters of a street novel I'm composing upon your request.
I thank you for taking the time out to read this letter and I look forward to hearing from you at your earliest convience.

Sincerely
Mr. Eff

*ExH1B17*                                                    4z

The "doctrine of exhaustion of administrative remedies has not hardened into inflexible dogma . It contains its own exceptions...."[24] For example, exhaustion is not required if the administrative remedy is unavailable or inadequate.[25] Thus, if the CDC or BPT failed to process an appeal, the exhaustion requirement arguably would not apply. Exhaustion of administrative remedies for a state habeas corpus action is also not required if it would be futile. An administrative appeal might be futile if a prisoner knows for certain that the decision on a particular issue would be adverse.[26] Another exception is recognized where taking the time necessary to exhaust administrative remedies would cause the prisoner to suffer an unreasonable risk of irreparable harm, such as high risk of serious injury or sudden issues that could lead to overdue release.[27] (Prisoners should also refer to § 14.15 for information about requesting preliminary forms of relief in urgent matters.)

---

[23] In re Strick (1983) 148 Cal.App.3d 906, 911 [196 Cal.Rptr. 293]; In re Dexter (1979) 25 Cal.3d 921, 925 [160 Cal.Rptr. 118]; In re Muszalski (1975) 52 Cal.App.3d 500, 503 [125 Cal.Rptr. 286].

[24] Ogo Associates v. City of Torrance (1974) 37 Cal.App.3d 830, 834 [112 Cal.Rptr. 761].

[25] White v. California (1987) 195 Cal.App.3d 452, 464 [240 Cal.Rptr. 732]; Glendale City Employee's Assn., Inc. v. City of Glendale (1975) 15 Cal.3d 328, 342-343 [124 Cal.Rptr. 513].

[26] In re Dexter (1979) 25 Cal.3d 921, 925 [160 Cal.Rptr. 118]; In re Thompson (1985) 172 Cal.App.3d 256, 262-263 [218 Cal.Rptr. 192]; In re Reina (1985) 171 Cal.App.3d 638, 642 [217 Cal.Rptr. 535].

[27] See In re Serna (1978) 76 Cal.App.3d 1010, 1015-1020 [143 Cal.Rptr. 350] (Stephens, J. dissenting).

5

CALIF   PRISONERS HANDBOOK (2007) SAN QUENTIN    STATES:

## 3.7 Procedural Rights Regarding Classification Decisions

For most classification decisions, prisoners generally must be provided with basic due process rights — notice, hearing, and written decision. These rights are required by the California Constitution, at least whenever the classification matter at hand could negatively affect a prisoner. As the California Supreme Court has held, "[w]hen an individual is subjected to deprivatory governmental action, he always has a due process liberty interest both in fair and unprejudicial decision making and in being treated with respect and dignity."[67] This interest in fair decision making requires that a prisoner be notified and have an opportunity to present his or her views before most classification actions occur.[68]

[66] A classification decision is considered arbitrary if there is not "some evidence" in the record which supports the prison officials' decision. In re Wilson (1988) 202 Cal.App.3d 661 [249 Cal.Rptr. 36]; see In re Lusero (1992) 4 Cal.App.4th 572 (finding no evidence to support prison officials' decision to require inmate to finish disciplinary SHU term from previous discharged term).

[67] People v. Ryan (1992) 9 Cal.App.4th 1855 [12 Cal.Rptr.2d 395]; see also People v. Ramirez (1979) 25 Cal.3d 260 [158 Cal.Rptr. 316].

[68] See, e.g., In re Carr (1981) 116 Cal.App.3d 962 [172 Cal.Rptr. 417] (holding that due process requires notice and a hearing, including the right to call witnesses and to receive help from a staff member if deemed necessary, before a prisoner's custody can be raised from "Maximum B" to "Maximum A").

[69] 15 CCR § 3375(c).

[70] 15 CCR § 3375(f)(2). A classification committee may act without the prisoner being present if (1) the prisoner refuses to attend; (2) the prisoner is physically incapable of attending or is psychiatrically determined to be mentally incompetent; (3) the classification action will improve the prisoner's conditions of confinement; (4) the classification action will approve a written request of the prisoner; or (5) the purpose of the hearing is routine review to schedule a future committee hearing. 15 CCR § 3375(f)(3).

[71] 15 CCR § 3375(f)(1).

93

In re WILSON:
CA COURT HELD THAT COURTS MAY INTERVENE
IF A PRISON OFFICIALS DECISION IS
ARBITRARY, CAPRICIOUS, IRRATIONAL, OR AN
ABUSE OF THE DISCRETION.

SEE

THIS PAGE SAME AS
EXHIBIT (B)

G1-3

*E x h i b i t I*

The "doctrine of exhaustion of administrative remedies has not hardened into inflexible dogma. It contains its own exceptions...."[24] For example, exhaustion is not required if the administrative remedy is unavailable or inadequate.[25] Thus, if the CDC or BPT failed to process an appeal, the exhaustion requirement arguably would not apply. Exhaustion of administrative remedies for a state habeas corpus action is also not required if it would be futile. An administrative appeal might be futile if a prisoner knows for certain that the decision on a particular issue would be adverse.[26] Another exception is recognized where taking the time necessary to exhaust administrative remedies would cause the prisoner to suffer an unreasonable risk of irreparable harm, such as high risk of serious injury or sudden issues that could lead to overdue release.[27] (Prisoners should also refer to § 14.15 for information about requesting preliminary forms of relief in urgent matters.)

---

[23] In re Strick (1983) 148 Cal.App.3d 906, 911 [196 Cal.Rptr. 293]; In re Dexter (1979) 25 Cal.3d 921, 925 [160 Cal.Rptr. 118]; In re Muszalski (1975) 52 Cal.App.3d 500, 503 [125 Cal.Rptr. 286].

[24] Ogo Associates v. City of Torrance (1974) 37 Cal.App.3d 830, 834 [112 Cal.Rptr. 761].

[25] White v. California (1987) 195 Cal.App.3d 452, 464 [240 Cal.Rptr. 732]; Glendale City Employee's Assn., Inc. v. City of Glendale (1975) 15 Cal.3d 328, 342-343 [124 Cal.Rptr. 513].

[26] In re Dexter (1979) 25 Cal.3d 921, 925 [160 Cal.Rptr. 118]; In re Thompson (1985) 172 Cal.App.3d 256, 262-263 [218 Cal.Rptr. 192]; In re Reina (1985) 171 Cal.App.3d 638, 642 [217 Cal.Rptr. 535].

[27] See In re Serna (1978) 76 Cal.App.3d 1010, 1015-1020 [143 Cal.Rptr.350] (Stephens, J. dissenting).

475