Eugene Lamont Weems, T-40463
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

In Propria Persona



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

EUGENE L. WEEMS,
          Petitioner,
   V.
M.S. EVANS, WARDEN,
          Respondent.

C07-6387 WHA

PETITIONER OBJECTS TO THE MOTION TO DISMISS AND WHY PETITION SHOULD BE HEARD ON ITS MERITS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT.

1

MEMORANDUM OF POINTS AND AUTHORITIES

ARGUMENT

I.

WEEMS'S HABEAS CLAIM IS NOT BARRED BY PROCEDURAL DEFAULT, BECAUSE PROCEDURAL DEFAULT DID NOT OCCUR

Petitioner took legal action by filing a petition of Habeas corpus in the courts. Petitioner did in fact exhausted his administrative appeals process and presented the exhausted administrative appeals to the lower court.

If CDC failed to process an appeal, the exhaustion requirement arguably would not apply. <u>Ogo Associates v. City of Torrance</u> (1974) 37 Cal. App. 3d 830, 834. Petitioner filed a petition with the courts when he made every attempt to utilize the administrative appeals process when he was screen out and informed that a screening decision may not be appealed. (Please see EXHIBIT-A Re: Screening at the second level June 1, 2007.)

However Petitioner submitted his appeal to the Director's level despite being informed at the second level that his appeal has been screened out and it was returned stating: ( This appeal issue should be submitted directly to the appeals coordinator for review and appropriate action.) (Please see: EXHIBIT-A in petition Re: IAB # 0703001 DISCIPLINARY, August 24, 2007 Inmate Appeals Branch).

However, I followed the recommendation of the Directors level and received negative affects from the long delays in a second round of attempting to exhaust administrative remedies again. (Please see EXHIBIT-X in petition). Please Note: This would be the second time around that petitioner exhausted the same issues

2

SEE: (DIRETOR'S level Appeal decision. IKB # 070300, January 31, 08). In all actuality this matter was exhausted twice, and the first round of exhaustion was presented to the lower courts.

Exhaustion of administrative remedies for a state habeas corpus action is not required if it would be futile. An administrative appeal might be futile if a prisoner knows for certain that the decision on a particular issue would be adverse. In re Dexter (1979) 25 Cal.3d 921, 925. In re Reina (1985) 171. Cal App. 3d 638, 642 [217 Cal. Rptr. 535].

Another exception is recognized where taking the time necessary to exhaust administrative remedies would cause the prisoner to suffer an unreasonable risk of irreparable harm. In re Serna (1978) 76 Cal App. 3d 1010, 1015 [143 Cal Rptr. 350).

The petitioner has satisfy this burden by asserting factual allegations that demonstrate his administrative exhaustion was well-established and consistently applied with the filing of the state court Habeas Corpus petitions. Failure to consider the claims will result in a miscarriage of justice, and denial of petitioners due process of the law, and first Amendment constitution.

The first Amendment provides that congress shall make no law abridging the freedom of speech, or of the press. This Amendment guarantees the right to freedom of expression to individuals and to the press. Freedom of expression encompasses the publication and dissemination of written materials to correspondence.

The question of a plaintiffs standing to bring an action is an issue that can be raised at any time expecially when that person is being denied the ability to correspond with his outside correspondence via the postal mail system do to obstruction of a correctional officer. Once raised, a court must determine the issue. For the above reasons petitioner petition should be heard on its grounds.

3                                        MR. Eugen Weems

STATE OF CALIFORNIA                                                                                          COUNTY OF MONTEREY

I, __Eugene Lamont WEEMS__ declare under penalty of perjury that: I am the __Petitioner__ in the above entitled action; I have read the foregoing documents and know the contents thereof and the same is true of my own knowledge, except as to matters stated therein upon information, and belief, and as to those matters, I believe they are true.

Executed this __11__ day of __May__, 20__08__, at Salinas Valley State Prison, Soledad, CA 93960-1050.

(Signature) _____
DECLARANT/PRISONER

---

## PROOF OF SERVICE BY MAIL

I, __Eugene Lamont WEEMS__, am a resident of California State Prison, in the County of Monterey, State of California; I am over the age of eighteen (18) years and am/am not a party of the above entitled action. My state prison address is: P.O. Box 1050, Soledad, CA 93960-1050.

On __May 11__, 20__08__, I served the foregoing: __MOTION, Petitioner Objection to the motion to dismiss and why petition Should be heard on its merits__

(Set forth exact title of document(s) served)

On the party(s) herein by placing a true copy(s) thereof, enclosed in sealed envelope(s), with postage thereof fully paid, in the United States Mail, in a deposit box so provided at Salinas Valley State Prison, Soledad, CA 93960-1050.

| | |
|---|---|
| Office of the Clerk, U.S. District court | Office of the Attorney General |
| Northern District of California | 455 Golden Gate Avenue, Suite 1000 |
| 450 Golden Gate Avenue | San Francisco, California |
| San Francisco, California 94102 | 94102-3664 |

(List parties served)

There is delivery service by United States Mail at the place so addressed, and/or there is regular communication by mail between the place of mailing and the place so addressed.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: __May 11,__ 20__08__                                        _____
DECLARANT/PRISONER



Case 3:07-cv-06387-WHA    Document 10    Filed 05/13/2008    Page 5 of 5