EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
JULIE L. GARLAND
Senior Assistant Attorney General
JESSICA N. BLONIEN
Supervising Deputy Attorney General
BRIAN C. KINNEY, State Bar No. 245344
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5255
 Fax:  (415) 703-5843
 Email:  Brian.Kinney@doj.ca.gov

Attorneys for Respondent M.S. Evans, Warden of
Salinas Valley State Prison

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **EUGENE L. WEEMS,** | C07-6387 WHA |
| Petitioner, | **RESPONDENT'S REPLY TO PETITIONER'S OPPOSITION TO MOTION TO DISMISS** |
| v. | |
| **M. S. EVANS, Warden,** | |
| Respondent. | Judge:   The Honorable William Alsup |

    Respondent M.S. Evans, Warden of the Salinas Valley State Prison, in reply to Petitioner Weems's opposition to Respondent's motion to dismiss, alleges that Petitioner has not met his burden concerning the procedural default of his federal claim.  Therefore, Petitioner's habeas petition must be dismissed, with prejudice.

/ / /

/ / /

/ / /

# ARGUMENT

## I.

**PETITIONER HAS NOT MET HIS BURDEN OF PROOF NOR HIS SHOWING OF CAUSE AND UNDUE PREJUDICE OR FUNDAMENTAL MISCARRIAGE OF JUSTICE TO REBUT THE APPLICATION OF PROCEDURAL DEFAULT.**

**A.  Petitioner Has Not Met His Burden of Proof.**

In his motion to dismiss, Respondent has shown that the habeas petition should be dismissed because the California Supreme Court's citation to *In re Dexter,* 25 Cal. 3d 921 (1979) constitutes an independent[1] and adequate[2] state law ground supporting the denial of Petitioner's state habeas petition. In *Bennett v. Mueller*, 322 F.3d 573 (9th Cir. 2001), the Ninth Circuit described the allocation of the burden of proof in determining whether a procedural bar meets the "adequate" prong of the independent and adequate test for procedural bar. *Id.* at 586. The Ninth Circuit stated that although the state has the ultimate burden of proving the adequacy of the state's procedural bar, "[o]nce the State has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner." *Id.* And petitioner "may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Id.*

Here, Petitioner has not met his burden of asserting specific factual allegations that demonstrate the inadequacy of the procedural bar rule announced in *Dexter*. Petitioner references exceptions to the state's administrative exhaustion rule. (Opp'n, at p. 3.) Such examples do not evidence the inadequacy or inconsistent application of the state's rule. Rather, they constitute established exceptions to the general rule. *See In re Strick*, 148 Cal. App. 3d 906,

---

1. The *Dexter* case invokes an independent state procedural rule because it relies on the state's administrative exhaustion rule, which is not interwoven with federal law. (See Motion, at pp. 4-5.)

2. Respondent showed that *Dexter*'s administrative exhaustion rule constitutes an adequate state-law ground barring federal habeas review by citations to California cases that regularly follow this procedural rule. (Motion, at p. 5).

Reply to Opp'n to Mtn. to Dismiss                                                    *Weems v. Evans*
                                                                                      C07-6387 WHA

911 (Ct. App. 1983) (referencing the established exceptions to the administrative exhaustion rule).[3/] Petitioner's burden is to establish inconsistent application of the general rule, not the presence of its exceptions. As a result, Petitioner has not shown the inadequacy of the administrative exhaustion rule because California's exceptions to it are not inconsistent applications of it.

### B. Petitioner Has Not Shown Cause and Undue Prejudice, or that a Fundamental Miscarriage of Justice Would Result to Excuse His Procedural Default.

When a state prisoner has "defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Park,* 202 F.3d at 1150 (a district court properly refuses to reach the merits of a habeas petition if the petitioner defaulted on the state's procedural requirements and is unable to demonstrate cause and prejudice or a fundamental miscarriage of justice). "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984).

Here, Petitioner alleges that a fundamental miscarriage of justice will result if his claim is barred from federal habeas review. (Opp'n, at p. 3.) However, his 30-day credit forfeiture that resulted from his disciplinary Rules Violation Report does not enter the realm of circumstances reserved for the manifest injustice exception. *Noltie v. Peterson*, 9 F.3d 802, 806 (9th Cir. 1993) (stating, "Although the Supreme Court has never provided a definitive interpretation of the term 'fundamental miscarriage of justice,' there are indications that the Court might make an

---

3. Indeed, had Petitioner alleged or established facts that his state court claims fell within one of these established exceptions, then the state courts could have entertained the merits of his petition. (See Mot., at Ex. B [Superior court denial stating, "Petitioner fails to state whether he submitted an explanation to the Appeals Coordinator after his appeal was screened out on June 1, 2007 and June 12, 2007].) He did not, and the state courts denied his claim because he failed to demonstrate administrative exhaustion. (*Id.* at Exs. B, E [California Supreme Court denial citing *Dexter* and *In re Clark*, 5 Cal. 4th 750 (1993)].)

Reply to Opp'n to Mtn. to Dismiss                                                                                         *Weems v. Evans*
C07-6387 WHA

1  exception . . . in a case of actual innocence"); *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (a
2  federal court may invoke the manifest injustice exception in the "extraordinary case, where a
3  constitutional violation has probably resulted in the conviction of one who is actually innocent").

4      Furthermore, Petitioner does not allege facts establishing cause for the default and actual
5  prejudice resulting from the alleged federal violation. Petitioner claims that he twice exhausted
6  his administrative appeals. (Opp'n, at pp. 2-3.) To exhaust an issue, however, an inmate must
7  receive a Director's Level decision. Cal. Code Regs. tit. 15, § 3084.5; *see also Wyatt v. Terhune*,
8  315 F.3d 1108, 1116 (9th Cir. 2003). Petitioner received only one Director's Level decision
9  concerning his claim, and this exhaustion occurred after he filed his California Supreme Court
10 petition. (Compare Mot., at Ex. C [Director's Level Decision, Jan. 31, 2008] with Mot., at Ex. D
11 [California Supreme Court Petition, Jan. 10, 2008].) Because Petitioner fails to allege a
12 legitimate excuse for filing his state court petitions before receiving his Director's Level
13 decision, he has not established cause for the default. As a result, the Court should dismiss his
14 Petition under the doctrine of procedural default.
15 / / /
16 / / /
17 / / /

Reply to Opp'n to Mtn. to Dismiss                                                      *Weems v. Evans*
                                                                                             C07-6387 WHA

# CONCLUSION

Respondent respectfully requests that this Court dismiss Petitioner's habeas petition with prejudice because it is procedurally barred.

Dated: June 23, 2008

>Respectfully submitted,
>
>EDMUND G. BROWN JR.
>Attorney General of the State of California
>
>DANE R. GILLETTE
>Chief Assistant Attorney General
>
>JULIE L. GARLAND
>Senior Assistant Attorney General
>
>JESSICA N. BLONIEN
>Supervising Deputy Attorney General
>
>
>/S/ BRIAN C. KINNEY
>BRIAN C. KINNEY
>Deputy Attorney General
>Attorneys for Respondent

20116169.wpd
SF2008400771

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Eugene L. Weems v. M. S. Evans, Warden**

Case No.:    **C07-6387 WHA**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **June 24, 2008**, I served the attached

**RESPONDENT'S REPLY TO PETITIONER'S OPPOSITION TO MOTION TO DISMISS**;

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Eugene L. Weems
T-40463/B2-205
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA  93960
In pro per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **June 24, 2008**, at San Francisco, California.

|   |   |
|---|---|
| R. Panganiban | /S/R. Panganiban |
| Declarant | Signature |

20118581.wpd