IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE L. WEEMS,<br><br>    Petitioner,<br><br>  v.<br><br>M. S. EVANS, Warden,<br><br>    Respondent.<br>                                    / | No. C 07-6387 WHA (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS** |

    This is a habeas case filed pro se by a state prisoner. He challenges a disciplinary decision in which he lost thirty days of good time credits. Respondent has moved to dismiss the petition as procedurally barred. Petitioner has opposed the motion and respondent has filed a reply. For the reasons set out below, the motion is **GRANTED**.

**DISCUSSION**

    Petitioner filed state habeas petitions raising the issue he presents here. The last of these, in the California Supreme Court, was denied with a citation to *In re Dexter*, 25 Cal. 3d 921 (1979). *Dexter* stands for the proposition that a state habeas petitioner "will not be afforded judicial relief unless he has exhausted state administrative remedies." *Id.* at 925. Respondent contends that the procedural default invoked by the California Supreme Court bars this petition.

    In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice

as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). That is, petitioner's claims are procedurally defaulted only if the Supreme Court of California's bar was an independent and adequate state procedural ground and petitioner cannot show that an exception to the procedural bar applies.

Petitioner does not contend that the bar was not independent, and indeed it is clear that it was – the only reason given for rejecting the state petition was failure to exhaust administrative remedies. The ruling was in no way on the merits, or intertwined with a decision on the merits. As to adequacy, the state has pleaded the existence of the bar, thereby shifting the burden to petitioner to come forward with specific factual allegations and citations to authority to demonstrate that the rule is not consistently enforced. *See Bennett v. Mueller*, 322 F.3d 573, 585-86 (9th Cir. 2003). This he has not done.

The bar thus is adequate and independent. Petitioner contends, however, that the Supreme Court of California was in error in dismissing the petition for failure to exhaust administrative remedies, because he did exhaust, or at least did all he could to try to exhaust. The contention that the California Supreme Court erred in concluding that he had not exhausted is not grounds for avoiding the bar: "A basic tenant of federal *habeas* review is that a federal court does not have license to question a state court's finding of procedural default, if based upon an adequate and independent state ground." *Barnes v. Thompson*, 58 F.3d 971, 974 n. 2 (4th Cir. 1995). Because the California courts are the final expositors of California law, the state appellate court's conclusion that the state's exhaustion rule was not satisfied is binding here. *See Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999) (federal courts lack jurisdiction to review state court applications of procedural rules; refusing to review state court's finding of procedural default).

Petitioner does not attempt to show cause and prejudice, one of the exceptions to the procedural bar rule, but he does make a conclusory contention that failure to consider his claims would be a miscarriage of justice, the other exception. *See Coleman*, 501 U.S. at 750 (exceptions). The "miscarriage of justice" exception applies only if the habeas petitioner can

2

show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Assuming for the sake of argument that in this situation the "conviction" would be the disciplinary decision, petitioner has made no effort to show that he is "factually innocent," and indeed his contention that finding him guilty violated his First Amendment rights suggests that he *was* factually guilty. *See Wildman v. Johnson*, 261 F.3d 832, 842-43 (9th Cir. 2001) (petitioner must establish factual innocence in order to show that a fundamental miscarriage of justice would result from application of procedural default). The exceptions to the procedural bar do not apply here.

## CONCLUSION

Respondent's motion for an extension of time to file a reply (document 13 on the docket) is **GRANTED**. The reply is deemed timely.

Respondent's motion to dismiss (document 9) is **GRANTED**. The petition is **DISMISSED** as procedurally barred.

The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: March 5, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.07\WEEMS6387.DSM.wpd